NEW YORK,
October, 1814.

BEEKMAN
v.
WRIGHT.

After issue joined, a cause in a justice's court, was adjourned at the request of the defendant for more than 30 days, upon giving security, &c. At the day fixed by the adjournment, the parties appeared, and the defendant showed due diligence in subpœnaing his witnesses, and made oath that a material witness, who had been subpœnaed, did not attend, and prayed a *second* adjournment, which was refused by the justice, unless the defendant would pay the extra costs, which not being done, the cause was heard *ex parte*, and decided. It was held, that the defendant, having given security, and shown due diligence in procuring the attendance of his witnesses, &c. was entitled to a second adjournment. Whether a justice has power, in any case, to exact costs, on granting a favour to a party in a cause? *quære.*

BEEKMAN *against* WRIGHT.

IN ERROR, on *certiorari*, from a justice's court. *Wright* sued *Beekman*, by summons; and after joining issue, on the 30th of *March*, 1812, the trial was adjourned, on application of the defendant below, until the 2d of *May*, 1812, upon giving security, &c.

The parties appeared again on the 2d of *May*, and upon proving due diligence in subpœnaing his witnesses, and making oath that a material witness, who had been subpœnaed, did not attend, the defendant moved for a second adjournment. No objection was made to the affidavit, nor was any negligence imputed to the defendant; but the justice refused to grant the adjournment, unless the defendant would pay all the extra costs, which he refused to do, and left the court. The trial proceeded *ex parte*, and judgment was given for the plaintiff, for twenty-five dollars and the costs.

The return also stated that " the jury went out, and afterwards returned a verdict," without showing that a constable was sworn to attend them.

*Per Curiam.* According to the decisions in *Easton* v. *Coe,* (2 *Johns. Rep.* 383.) *Powers* v. *Lockwood,* (9 *Johns. Rep.* 133.) and *Hemstract* v. *Youngs,* (9 *Johns. Rep.* 364.) it appears that upon giving security, and showing due diligence, and special cause, a defendant may be entitled to a second adjournment. The justice in this case denied the adjournment, merely on the ground that the defendant *refused to pay costs.*

Whether a justice's court has a right, in any case, to exact costs, upon granting a favour to a party, it is not now necessary to decide : but under the circumstances of this case, the justice had no right to annex such a condition, because the defendant, on good grounds, claimed it as a *right.*

According to the cases of *Van Doren* v. *Walker,* (2 *Caines'* *Rep.* 373.) and *Fink* v. *Hall,* (5 *Johns. Rep.* 437.) there is a fatal error, in that it does not appear, by the return, that a constable was sworn to attend the jury.

Further, it does not appear upon the merits, that the plaintiff below had a legal ground of action. The judgment ought to be reversed.

                                        Judgment reversed.