Opinion of the Court.
THIS, was a proceeding under the law regulating-writs of forcible entries by Massie for a forcible entry •charged to have been committed by Moore.
The warrant cha-rges the forcible entry to have been committed by Moore on one dwelling house, one kitchen, one smoke house, one tobacco house, one stable, one corn house and sixty acres of arable land, twenty acres of pasture land and forty acres of woodland, tying in the county of Madison on the waters of Muddy creek, ■all of which was in the peaceable possession of Massie.
The jury in the country found Moore guilty of the forcible entyy charged in the warrant; and the cause having been brought by Moore to the circuit court by-traverse, a verdict was there rendered finding the inquisition of the jury in the country true, and judgment of.restitution for the premises described in the warrant rendered by the court in favor of Massie.
it is objected in this court that the warrant isinsuffi-cient to authorise the judgment of restitution rendered in favour of Massie by the circuit court.
This objection is taken on the supposition that the premises upon which the forcible entry is charged to have been committed, are not described in the warrant with the requisite certainty and precision.
The force of the objection is not, however, distinctly perceived by the court. By setting out -the metes anc! bounds of the land, the premises might have been defined with greater precision; hut whether the act under which the proceedings have been had, or the doctrine of analogy be consulted, it is believed the warrant will he found to contain the requisite precision in its description of the premises. For a description such as the warrant contains would unquestionably be good, if contained in a declaration, in an action of ejectment, and the actregulating writs of forcible entries and de-tainers, requires the warrant to contain nothing more than a general description of the premises upon which force is committed either by an entry or detainer.
It is also objected that the circuit court erred in admitting to go in evidence to the jury, the record of another suit which was introduced on the trial by Massie.
. The admitted record contains the proceedings, verdict and judgment, of an action of trespass which had been previously brought by Massie and decidednfNhe *298 general issue, in his favor against Moore, for the same entry of Moore upon fhe land for which this writ of forcible entry was brought by Massie. The object of introducing the record was to prove, in connection with other evidence, that at the time the entry was made by Moore upon the land, Massie was in fact possessed thereof; and for that purpose we think the record was correctly admitted.
It has been repeatedly holden by this court, and ho doubt in strict accordance to the doctrine of the common law, that to authorise a recovery in an action of tresspass for an injury to land, the plaintiff on the trial of the general issue, must prove himself to have been in fact,‘possessed of the land. We do not, however, understand this court in any case to have decided, nor would we be now understood to decide it to be necessary to maintain an action of trespass, that the plaintiff should be in fact possessed of the land at the time the injury is done to the land. Where there has been a disseisin of land, for any subsequent injury committed by the disseisor, then an action might no doubt be maintained by the disseisee after gaining the possession by re-entry.
We would, therefore, admit that a recovery in an action of trespass does not, per se, imply that the plaintiff, when the injury for which the recovery was had, was actually possessed of the land; hut it does not from that admission follow, that the record of such a recovery is not admissible evidence, and may not, in connection with extraneous testimony, be satisfactory evidence of tbe plaintiff having been in fact possessed at the time the injury was committed. For it is essential to such an action, that proof should be made of the plaintiff having been possessed; and though a possession gained after the injury done, might be sufficient, a possession at the time of committing the injury, would be equally so; and wherever a fact is so involved in any issue as to be susceptible of trial, a verdict and judgment on that issue are admissible evidence of the fact, and when connected with other evidence of the fact having been controverted on tile trial of such an issue, afford convincing evidence between the same parties in any subsequent contest involving the same fact.
It^nnot, therefore, have been incorrect in the circuit cowrt, to ddmit in this the record of the recovery by *299 Massie, in the action of trespass brought by him against Moore. For that recovery was had on the trial of the general issue, and is proved to have been obtained upon evidence introduced by Massie, to prove that at the time the entry for which it was brought, was made by Moore, he was in fact possessed of the land.
The other questions made in this- count, grow out of the decisions of the circuit court in giving and refusing instructions to the jury.
Those decisions were made in answer to applications made in various shapes, to the court by Moore, for instructions to the jury.' It is, however, suilieient to remark generally, that the object of all the applications appears to be the same, and wc suppose that Moore has. no reason to complain of the response given by the court to each. The court in its several decisions, instructed the jury that unless Massie was in fact possessed of thd land when Moore entered, he was not entitled to recover; but if Moore entered against Massie’s assent, upon the possession'in fact of Massie, they ought to find for him.
The judgment .must be affirmed with 'costs.