## WARD v. LEWIS.

1. In proceeding on a writ of forcible entry and detainer, the justice is not required to record the whole of the evidence.

2. The complaint describes the boundaries of the premises that plaintiff claims by virtue of a fee simple, and says he was in pos-ession; that defendant entered with force and strong hand and turned him out of possession : this sufficiently specifies the lands, plaintiff's estate therein, and the injury.

3. Since the act of 1823, the venire facias and other process might be executed by a constable.

4. It is not necessary that any of the jury should sign the verdict, or that it should appear that the complaint was read to them.

5. Jurisdiction of a justice on writ of forcible entry and detainer, is not in violation of the constitution.

JUDGE CRENSHAW delivered the opinion of the Court.

THIS was a case of forcible entry and detainer originally tried before a justice of the peace, in the county of Mobile. The jury found the defendant Ward guilty, and the justice awarded judgement of restitution. Ward obtained a certiorari, and the judgement was affirmed by the Circuit Court, and he now prosecutes a writ of error to this Court.

Many assignments of error have been made. Such as are deemed worthy of consideration will be noticed under a few heads :

First, second, third, fourth, fifth, and sixth, That it does not appear by the record that Lewis, the plaintiff, was in possession;that he proved force, or what was proved by the several witnesses; that the complaint does not set forth any estate in the premises known to the law; that it is repugnant, in alleging that he was possessed and dispossessed of premises which he claimed by virtue of a fee simple title.

The complaint states that Lewis, at the time of the injury, was possessed of the premises, a lot in the city of Mobile, (describing its locality and boundaries,) which he claimed by virtue of a fee simple; and that Ward, with force and strong hand, unlawfully entered and expelled him from the peaceable possession thereof.

It must be recollected that this is an injury to the possession or right of possession. and that by the 20th section of the act concerning forcible entries and detainers, there is an express prohibition to make any inquiry into

the estate or merits of the title. It was even technically
correct, to allege in the complaint that the party was pos-
sessed and dispossessed, notwithstanding the estate claim-
ed was a fee simple, and it was not necessary as has been
insisted, to allege that Lewis was *seized* of the premises.
It was contended in the argument, that as Courts of limit-
ed jurisdiction should shew by their record every legal
requisite to the exercise of their authority, it was essen-
tial in this case that the record should exhibit the whole
of the evidence given or offered on the trial, whether ob-
jected to or not.

By the 16th section of the statute referred to [a] the jus- [a] Laws Ala. 373.
tice is required to enter on his minutes or docket, among
other things, the names of the witnesses, the admission of
evidence objected to, the rejection of evidence offered,
and all the proceedings had before him touching the com-
plaint. It seems clear that no more of the evidence is re-
quired to be recorded than such as was objected to, and
thereupon admitted or rejected. The statute having spe-
cified what part should be recorded, it follows that it does
not require more to be recorded. By the words " all the
proceedings had before him touching the complaint," we
are to understand, not the evidence, but such other mate-
rial proceedings as had not been enumerated.

Seventh, eighth, ninth and tenth assignments. The
summons venire and other process were not directed to
the sheriff. It does not appear that the jurors were
sworn. The verdict was signed by a person as foreman,
who does not appear to have been summoned as a juror.
It does not appear that the complaint was read to the jury.

It seems that the summons and other process were di-
rected to a constable. By a statute subsequent to that of
1805, [b] it is made unlawful for a sheriff to serve civil pro- [b] Acts of 1823 p.
cess issued by a justice of the peace. Civil process is 22, 19.
that which calls upon a person to answer for a civil inju-
ry. Criminal process issues to compel him to answer for
a crime or misdemeanor, where punishment of some kind
or other must be the consequence of conviction. Perhaps
at common law a party might be indicted for forcible en-
try and detainer, and on conviction be punished by fine
and imprisonment. But the case at bar was a proceed-
ing for a civil injury, to recover possession of the premi-
ses, not to punish the defendant. This then was civil pro-
cess, and properly directed to the constable.

The record does shew that the jury were sworn,

JANUARY 1827.

Ward
vs.
a Goynu. v. How-
ell, Minor's Ala.
Rrp. 62.

and if it did not, to sustain the judgement, it should be presumed that they were, unless the contrary appeared. "

The verdict is signed, "Bloodgood, foreman." The name of John Bloodgood appears in the venire. The magistrate has recorded, that John Bloodgood, with the rest of the venire, was sworn on the jury. The law does not require that the verdict should be signed by the foreman or any of the jury, but if it did, the omission of the christian name may be readily supplied by reference to the magistrate's record.

It is to be presumed that the complaint was read to the jury, unless the record shews to the contrary.

I must confess that I have not met with a more complete and perfect record in any case of forcible entry and detainer, nor one wherein the law has been more strictly complied with than this.

Eleventh assignment. Justices of the peace have no jurisdiction of complaints of forcible entry and detainer.

With this assignment I have considerable difficulty. By the 10th section of the 5th article of the constitution, the jurisdiction of a justice of the peace in civil cases, shall be limited to causes in which the amount in controversy shall not exceed fifty dollars. My opinion is, that in ordinary cases where the amount in controversy will necessarily be ascertained by the judgement, it shall not exceed fifty dollars, but in civil cases in which from their nature there can be no amount of money in controversy, the magistrate may have jurisdiction, and at least if such jurisdiction is not within the provision of this section of the constitution, it is not repugnant to it. In a case of forcible entry and detainer, the value of the premises cannot be inquired into, and has no relation to the proceeding. This statute then is not against the provisions of the constitution. Judgement affirmed.

The Chief Justice not sitting.

ACRE, for plaintiff in error, cited 1 Cowp. 30—2 Cain 373—5 John. 437—11 John. 442—4 Com. Dig. 354—8 John. 44—Childress v. M'Gee, Minor's Ala. Rep. 131—6 Term R. 375—3 Cain 259—2 Cain 96, 97—1 Coke 118 a—3 Bl. Com. 35—4 Burrow 22, 44—1 Burrow 377—1 Ld Raym. 610—3 John. 340—2 Hawk. P C. 41, s. 39—Laws Ala. 370—Constitution Ala. 926, s. 10.

HITCHCOCK and HALE, for defendant in error.

Note. See acts of 1825, p. 6, by which sheriff's are authorized to serve process in cases of forcible entry and detainer.