## WRIGHT v. LYLE.

1. By going to trial in an action of forcible entry and detainer without objection to the regularity of the process, the return of the Sheriff, and the form of the complaint, all objections thereto are waived and cannot be made on error.

2. The Justice of the Peace may grant a new trial in a case of forcible entry and detainer.

3. A possession peaceably acquired will be converted into a forcible and unlawful detainer by a refusal to yield the premises on demand, and forcibly retaining it. Nor is it necessary that a demand to quit should be in writing, unless there was a previous tenancy, under which the possession was first acquired.

4. The description of the land in the complaint must convey a distinct or definite idea of the land sought to be recovered; but if no objection is taken to it in the Court below, it will be aided by the verdict and judgment if they identify the lands with reasonable certainty.

ERROR to the Circuit Court of De Kalb.

This was a proceeding commenced originally by the defendant against the plaintiff in error, before a Justice of the Peace for a forcible detainer.

The complainant states "that he was in possession of a certain messuage and parcel of land, with the appurtenances, containing thirty acres, be the same more or less, adjoining Thomas

B. Watts and others in the said county of De Kalb, until James C. Wright, on, &c., unlawfully entered thereupon and forcibly and unlawfully detains and keeps possession of said land and appurtenances, &c. &c."

The jury found a verdict for the defendant, and the Court granted a new trial.

At a subsequent time a trial was had, and the complainant offered in evidence a sealed instrument executed by the defendant, by which he leased for one hundred years a piece of land, which is described as "the tract of land on which I now live, in De Kalb county, which joins the lands of T. B. Watts and Lemuel Payne and James Lyle, and to which land I am entitled to a pre-emption under the late act of Congress, and which said land is to be used, occupied and enjoyed by the said James Lyle for the space of one hundred years ; and I do further bind myself to keep the said Lyle in peaceable possession of said land," &c. To which testimony the counsel for the defendant *demurred*, but the *demurrer* was overruled by the Court.

The defendant's counsel then moved the Court to charge the jury—

1st—That as there was no proof to show that the defendant was a tenant of the complainant, nor in possession of the premises by collusion with any tenant of the complainant, nor any proof of a written notice to the defendant to quit the premises of complainant, they could not find the defendant guilty of an unlawful detainer.

2d. That as there was no proof introduced to shew that the defendant had manifested any force in word or action, they could not find the defendant guilty of a forcible entry or detainer, or of a forcible detainer—which charges the Court refused to give, and the jury found a verdict for the complainant, upon which the Court rendered judgment.

The cause was carried by *certiorari* to the Circuit Court and the following errors assigned :

1. The description of the premises is insufficient.

2. The Justice erred in granting a new trial.

3. The process was improperly directed.

4. The complaint was for a forcible and unlawful detainer, and the writ issued for a forcible entry and unlawful detainer.

5. There was no return indorsed on the writ.

6. In overruling the demurrer to the lease, there being no other proof of possession.

7. In refusing to give the charges requested.

The Circuit Court affirmed the judgment of the Justice of the Peace, from which this writ is prosecuted.

PECK & CLARK, for plaintiff in error, submitted the cause without argument.

ORMOND, J.—The third, fourth and fifth assignments of error, which question the regularity of the process, the return of the sheriff and the form of the complaint, if well taken cannot now be considered. By going to trial without objection, all these defects if they exist, were waived, and cannot now be urged.

It cannot admit of question that the magistrate has power to grant a new trial in a case of forcible entry and detainer. The power to enter judgment upon the verdict of a jury supposes the right to consider whether the verdict is supported by the testimony. Many other cases might be supposed which would render it improper to render judgment, and which could only be redressed by granting a new trial; but we consider the point too clear to require elucidation.

The evidence to which it is stated the defendant *demurred*, was a lease executed by him to the plaintiff for the premises in controversy. This was certainly competent testimony to shew the right of the plaintiff to the possession of the premises which the complaint alledges he had, and which we must presume was proved. By the term *demurred* is probably meant that the defendant objected to its introduction as evidence; be the objection however what it might, it was properly overruled.

The charges asked for, suppose that there can be no unlawful detainer except where a tenancy exists, or where the defendant is in collusion with or holding under a tenant. The third section of the act regulating this proceeding, [Aik. Dig. 203,] declares that where an entry has been peaceable, and afterwards kept by strong hand, it will be a forcible detainer. What the evidence was in this case, we are not informed, as it is not set out in the record, but the complaint states that

the plaintiff was in possession of the premises, &c. and that "the defendant unlawfully entered thereon, and forcibly and unlawfully keeps and detains the possession of the said land." If, therefore, the defendant obtained peaceable possession of the premises, his refusal to yield the possession on demand, and forcibly retaining it, would be a forcible detainer. Nor was it necessary in such a case, that any demand to quit should be made in writing, that is only necessary where there was a previous tenancy, under which the possession was first acquired, which is not the case here.

The first assignment of error, that the premises are not sufficiently described, must be sustained. The description in the complaint of the premises, the possession of which is sought to be recovered, is "a certain messuage and parcel of land, containing thirty acres, be the same more or less, adjoining Thomas B. Watts and others, in the county of De Kalb." In the case of Sturdevant v. Murrell, [8 Porter, 322,] we held, "that in the action of trespass to try title, the declaration should describe the land in controversy with so much particularity and precision as will inform the defendant what he is to defend against, and the Court for what it is called on to render judgment."

We can perceive no reason why the same rule should not apply to the action of forcible entry and detainer, and in this case, as in that cited, the description is altogether vague and uncertain, and conveys no distinct or definite idea of the land sought to be recovered; but as no objection was made in the Court below to the complaint, none would be allowed here, if the verdict and judgment contained such a description as would identify the land recovered with reasonable certainty, and enable the sheriff to put the party in possession, without danger of trespassing on the rights of others, as was held in the case just cited.

The verdict of the jury merely finds the defendant guilty, "in manner and form as complained of," and the judgment of the court is that the "plaintiff recover of defendant possession of his place." The defective complaint is not therefore aided by the verdict or judgment, and for this error the judgment is reversed.