## McRAE v. TILLMAN, AND OTHERS.

1. In an action of forcible entry and detainer, the complaint described the land as "a part of the township 14, range 1 west, and section 9, S. W. qr. of 80"—*Held*, that the concluding part "of 80" might be rejected as surplusage, and that the true construction was, that the land described in the complaint was a part of the S. W. quarter of section 9, in township 14, range 1 west, and that this description, unaided by any thing in the verdict and judgment, rendering it more certain, was insufficient.

2. The allegation in the complaint that the complainant had lawful and peaceable possession of the lands for five years, is an allegation of such an estate as will support the action.

**3.** The recital in the record that the jury were duly sworn well and truly to enquire of said forcible and unlawful detainer, is sufficient, without stating that they were sworn to try the cause according to the evidence.

**4.** When the judgment of the justice is reversed by the circuit court, because the lands are not sufficiently described in the complaint, the cause should be remanded for the purpose of amendment.

ERROR to the Circuit Court of Sumter.

This was a proceeding for a forcible detainer, commenced by the plaintiff against the defendants in error.

In his complaint, he alleges, "that he was possessed of a certain messuage, with the appurtenances and lands, situate lying and being in and a part of the township 14, range 1 west, and section 9, S. W. qr. of 80, lying in the county aforesaid, having had lawful and peaceable possession of the said messuage and lands for the space of five years; and being so possessed," &c.

A jury was empannelled by the justice of the peace, whom, he recites, "were duly sworn well and truly to inquire of said forcible and unlawful detainer"; who, upon their oaths, said they found a verdict for the plaintiff. Upon this verdict, the justice rendered judgment for the plaintiff for costs.

The cause was removed into the circuit court, by *certiorari*, by the defendants, who there assigned for error—

1. The lands or premises sued for are not distinctly described in the complaint, or in any part of the proceedings.

2. That the complainant did not allege any estate in the premises.

3. The jury were not sworn according to law.

4. That the jury did not render a verdict according to law.

The circuit court sustained the errors assigned, reversed the judgment of the justice of the peace, and dismissed the complaint. To reverse this judgment, this writ is now prosecuted by the plaintiff, who here assigns for error—

1. The court erred in reversing the judgment on the errors assigned.

2. In not remanding the cause.

SMITH, for plaintiff in error.

LYON and MANNING, *contra*.

ORMOND, J.—The rule which prevails in England, and in many of the States of this Union, that in executing a writ of *habere facias possessionem*, the sheriff acts at his peril, and that, therefore, the premises need not be particularly described in the writ, does not obtain in this State. [Sturdivant v. Murrell, 8 Porter, 322, and Wright v. Lyle, 4 Ala. 112.] We are, then, to inquire, whether the description of the lands sought to be recovered in this proceeding, was sufficient to enable the sheriff to put the party in possession without danger of trespassing on the rights of others.

Rejecting, as surplusage, the concluding part of the description, "of 80," the only meaning that, by any reasonable construction, can be put upon it, is, that it is a part of the S. W. 1-4 of section 9, in township 14, range 1, west. This certainly conveys no distinct or definite idea of either the quantity or locality of the land sought to be recovered. In Wright v. Lyle, [4 Ala. 112,] the description was, "a certain messuage and parcel of land containing thirty acres, be the same more or less, adjoining Thomas B. Watts and others, in the county of De Kalb"; and that was held to be too vague and uncertain. Yet it is quite as precise, and in some respects, more certain, than the description in this case. We are, therefore, of opinion, that the complaint, unaided as it is by the verdict or judgment, is insufficient in not setting forth the part of the quarter section sought to be recovered.

It was urged by the defendant's counsel, that no estate in the lands is set forth in the complaint, but a bare possessory interest; and that the possession may have been acquired originally by a trespass. We do not think it necessary to inquire, at this time, whether a possession, which had been acquired by a trespass, could be recovered in this action; because we are of opinion, that the complaint sets out a legal estate in the premises. The language of the complaint is, that "he had lawful and peaceable possession of the premises for the space of five years"; which necessarily implies, that the land was held by some tenure which, by law, entitled him to the possession, the only matter necessary to be inquired into in this action.

We do not think it can be inferred from the language employed by the justice, that the jury were not sworn to try the cause according to the evidence. He does not attempt to state the terms of the oath administered to the jury, but merely narrates the fact that they were duly sworn, and as the contrary is not

shown by the record, we must presume they were sworn according to law.

It remains to inquire whether the circuit court erred in not remanding the cause for other proceedings.

The complaint, which the statute requires to be made, has been considered by this court as analogous to the declaration in other suits. Thus, in Bliss v. Winston, [1 Ala. 344,] it was held, that the entry might be stated in different parts of the complaint to have taken place on different days; and in Murry v. Harper, [2 Ala. 744,] that the complaint was amendable whilst the proceedings were depending before the justice, where the land had been improperly described. So, in Wright v. Lyle, [4 Ala. 112,] we held, that a defective description of the lands would be aided by the verdict and judgment, if there rendered certain. As, therefore, the complaint could be amended, the circuit court should not have dismissed the proceeding, but should have remanded the cause that the amendment might be made. And for this error, the judgment of the circuit court must be reversed, and the cause remanded to that court, that a *procedendo* may be there awarded to the justice of the peace.