## HUFFAKER v. BORING.

1. In the complaint before a justice of the peace, it was alledged, that the plaintiff " has the peaceable possession of the north east quarter of section five, township eight, range eleven, east, in the Coosa land district, in the west part of said quarter, being and lying in the State and county aforesaid, dwelling house and other buildings, and fifty acres of land cleared, more or less;" and after alledging the forcible entry and detainer of the premises, the complaint proceeds thus, viz: " detaining and holding the same by

such words, circumstances, or acting, as had a material tendency to excite fear or apprehension of danger." *Held*—1. That the description of the premises was sufficiently specific. 2. That the allegation of force was as direct and full as the statute requires.

2. A witness, on the trial of a forcible entry and detainer, produced certain articles of agreement, entered into between himself and the plaintiff, by which the latter stipulated to keep him in the peaceable possession of the premises in question, until the first day of the succeeding year, (1844 ;) at which time witness undertook to deliver peaceable possession of the land to the plaintiff. Witness further stated, that he received an equivalent for the undertaking on his part, and accordingly gave up the possession for the plaintiff's benefit, even before the day agreed on. One of the subscribing witnesses also proved the execution of the agreement. *Held*, that the writing was admissible to show the plaintiff's possession, and how acquired; and that its execution might be proved, either by a party to it, or a subscribing witness.

3. The testimony of a witness, in a proceeding for a forcible entry and detainer; that he "had fodder on the premises by plaintiff's leave, and plaintiff told witness, that he could have the land, or part of it, during the year," &c., is admissible as to the first branch, viz: that witness had fodder on the premises by plaintiff's permission; because this tends to show an actual possession; but inadmissible as to the second, because it amounts to nothing more than a mere assertion of a right by the plaintiff. COLLIER, C. J. thought the testimony inadmissible *in toto*.

4. A verdict and judgment in the following words, to wit: "We, the jury, find for the plaintiff. Upon which judgment passed for the plaintiff, for the premises, and that defendant, George L. Huffaker, pay all costs," though not formal, does not authorise a reversal of the judgment on *certiorari*.

Error to the Circuit Court of Cherokee.

THIS was a proceeding under the statute, at the suit of the defendant below, for a forcible entry and detainer. The complaint states, that the plaintiff below "was in peaceable possession of the north east quarter of section five, township eight, range eleven, east, in the Coosa land district, in the west part of said quarter, being and lying in the State and county aforesaid, dwelling house and other buildings, and fifty acres of land cleared, more or less." *Further*, after alledging the forcible entry and detainer of the premises, the complaint then alledges the "detaining and holding the same, by such words, circumstances, or actings, as had a material tendency to excite fear, or apprehension of danger."

Huffaker v. Boring.

The defendant, previous to pleading before the justice, moved to quash the complaint for defects apparent thereon; but this motion was overruled, and the case submitted to a jury, who returned a verdict subscribed by their foreman, in these words; "We, the jury, find for the plaintiff. Upon which," (as the justices entry recites,) "judgment passed for the plaintiff for the premises, and that the defendant, George L. Huffaker pay all costs." On the trial, objections were made to certain evidence adduced by the plaintiff. It appears that a witness introduced by him stated, that he had been in possession of the premises for the last four or five years, that he became bound to give the possession to plaintiff, and that he did give it up for his benefit, with the expectation that a third person, (whose name he mentioned,) would occupy it as a tenant. The witness was permitted to introduce, and read articles of agreement between the plaintiff and another of the first part, and himself of the second part, by which the parties of the first part, undertook to keep the party of the second part in the peaceable possession of all the premises, on the north-west side of a creek, running through the north-east quarter of section five, township eight, and range eleven, east, in the Coosa land district, until the 1st day of January, A. D. 1844; at which time the party of the second part, obliged himself to deliver peaceable possession of the same land, to the parties of the first part. This agreement is dated the 8th April, 1843, and is signed and sealed by the respective parties. The defendant objected to the admissibility of this writing generally, and particularly, because it was irrelevant, and not proved: the justice was also requested to cause the same to be withdrawn from the jury; but the objections and request were denied, and the witness was permitted to state that he gave up the possession for the benefit of the plaintiff previous to the first day of January, 1844, and that the plaintiff had paid him forty dollars, and the rent of the land one year, for the possession.

Plaintiff then offered another witness, who testified, that plaintiff was never known, by him, to be in possession of the premises. Plaintiff was then permitted to show, notwithstanding an objection by the defendant, that the witness had fodder on the premises, by his permission, and that the plaintiff told the witness, that he could have the land, or part of it, during the year 1844.

Plaintiff was also permitted to introduce one of the subscribing witnesses to the written agreement above recited, to prove the

12

same ; he also proved that the defendant told the plaintiff, that he could do nothing with the person from whom the latter acquired possession, and that the plaintiff might make the best trade he could with him.

The case was removed by *certiorari* to the Circuit Court, where the judgment of the justice of the peace was affirmed, and to revise the latter judgment, a writ of error is prosecuted to this Court.

S. F. RICE, for plaintiff in error, made the following points: 1. The complaint is insufficient; it does not describe the lands in controversy, with such certainty as to identify them, nor does it alledge force in the entry and detention. 2. The articles of agreement, and the evidence explanatory thereof, together with all the oral testimony objected to, was improperly allowed to go to the jury. 3. The verdict does not support the judgment, and the judgment itself is too defective to authorize an execution. He cited McRae v. Tilman, et al. 6 Ala. Rep. 487; Clay's Dig. 252, § 13.

No Counsel appeared for the defendant in error.

COLLIER, C. J.—In Wright v. Lyle, 4 Ala. Rep. 112, the complaint stated, that the plaintiff "was in possession of a certain messuage and parcel of land, with the appurtenances, containing thirty acres, be the same more or less, adjoining Thomas B. Watts and others, in the county of De Kalb, until James C. Wright, on &c., unlawfully entered thereupon, and forcibly and unlawfully detains and keeps possession of said land, and appurtenances, &c." This Court determined that the description of the land was not sufficiently definite, but held, that the allegation of force showed an unlawful detainer. In McRae v. Tilman & others, 6 Ala. Rep. 486, the lands were described in the complaint, as " a certain messuage with the appurtenances and lands, situate, lying and being in, and a part of, township 14, range 1, west, and section 9 S. W. qr. 80, lying in the county aforesaid, having had lawful and peaceable possession of the said messuage and lands for the space of five years," &c. Here, too, it was determined that the description of the land was too general; and not being aided by the verdict and judgment, the proceedings before the justice were set aside.

The boundaries of the land alledged to be forcibly entered upon, it is said, need not be specially set out, and a warrant was adjudged to be sufficiently certain, which charged the entry " by Moore on one dwelling house, one kitchen, one smoke house, one tobacco house, one stable, one corn house, and sixty acres of arable land, twenty acres of pasture land, and forty acres of woodland, lying in the county of Madison, on the waters of Muddy creek; all of which was in the peaceable possession of Massie." [Moore v. Massie, 3 Litt. Rep. 296.]

In respect to the quantum of force necessary to sustain the proceedings for a forcible entry and detainer, it has been held, that the bare entry on the possession of another, (with or without title,) without his consent, is, in contemplation of law, a forcible entry. [Brumfield v. Reynolds, 4 Bibb's Rep. 388; Henry v. Clark, id. 420; Chiles & Co. v. Stephens, 3 Marsh. Rep. 347.] So, a mere refusal to restore the premises, is in itself force, within the statute. [Ewing v, Bowling, 2 Marsh. Rep. 35; see, also, Swartzwelder v. U. S. Bank, 1 J. J. Marsh. Rep. 44.]

Our previous decisions which have been cited, we think, are clearly distinguishable from the case now before us. In the first, the premises were described as adjoining Watts and others; whether on the north, south or where else was not stated, nor was the locality of Watts shown; and for any thing appearing to the contrary, he may have had a dozen tracts of land in De Kalb county. In the second case, a messuage being in and a part of a quarter section, was alledged to be forcibly detained, without stating how much, or where situate within the same. But in the case at bar, the premises are described as fifty acres, situate within the west part of a quarter section. This description, we think, is sufficiently specific—perhaps as much so as was practicable, unless its precise location could have been ascertained by a survey; and if the party in possession was perverse, it would not be easy to make a survey against his consent.

The allegation as to the forcible entry and detention, alledges force, quite as directly and fully as the law requires. This is so clear, from a comparison of the complaint with the statute, as to relieve us from the necessity of endeavoring to make it plainer. The second section prescribes the cases, in which forcible entry and detainer is the appropriate remedy, and the seventh section points out the essential constituents of the complaint. [Clay's Dig. 250, 251.]

The written agreement, and all the evidence relating thereto, and to the possession which it was intended to confer on the plaintiff, were clearly admissible. The object of this evidence, was merely to show the peaceable possession of the plaintiff, at the time the entry was made by the defendant, and its effect was to prove, that the person who relinquished the possession, had himself occupied the premises for several years, and parted with them to the plaint ff under a contract. In this point of view, the defendant cannot be heard to object, that he was not a party to the writing, any more than the defendant in an action to try the title, could oppose the introduction of the documentary evidence of the plaintiff, because it did not emanate from himself, or he was not a party to it. As to the execution of the writing, this has been proved by the party who executed it, and thereby parted with his interest in the premises to the plaintiff; in addition to this, one of the subscribing witnesses afterwards proved it. Its genuineness, then, was twice established. [Falls & Caldwell v. Gaither, 9 Porter's Rep. 605.]

But the evidence that a witness "had fodder on the premises by plaintiff's leave, and plaintiff told witness that he could have the land," &c., was inadmissible to prove the plaintiff's possession, or the defendant's entry. It was not offered as the declaration of a party constituting part of the *res gesta*, but as proof of an independent fact. To admit its competency, would, in my opinion, be to hold, that a party's mere claim of right, and attempt to exercise ownership, are allowable to prove his peaceable possession. Such evidence, even if it tended to establish the fact, would be obnoxious to the objection, that it was a mere narration of what the plaintiff himself said.

It is true, that the verdict and judgment are not very formal, yet we think they are entirely sufficient. In finding for the plaintiff, the jury affirm that his case was made out by proof, and that the defendant's plea is false; and the legal effect of the judgment is, that the plaintiff recover the premises. There was no necessity for an express award of execution for the costs, or to restore the possession. These were but consequences of the judgment, as provided by the statute. [Clay's Dig. 252-3, §§ 13, 14; see, also, Wheatly v. Price, 3 J. J. Marsh. Rep. 168.]

For the admission of improper evidence, the judgment of the Circuit Court is reversed, and the cause remanded, that such further proceedings may be had as are agreeable to law.

GOLDTHWAITE, J.—As to the point upon which this judgment is reversed, my opinion is, that the plaintiff could properly prove, that the witness, or, indeed, any other person, had fodder upon the premises in controversy, by his leave, because this was proof of an actual possession of the land.　Whether the forcible entry of the defendant was an intrusion on this possession, or on that of some other person, or by virtue of a previous occupancy by himself, was matter for him to show; but the proof by the plantiff was regular, though very weak.　The evidence of his willingness to permit the witness to occupy the land for the year, in which the trial was had, was incompetent, as showing nothing more than the assertion of a right to rent the land.　This assertion neither proved, nor tended to prove, an actual possession, unless accompanied by some act connected with the assertion.　In this opinion I am authorized to state the concurrence of Judge ORMOND.