HAMILTON et al. v. ADAMS.

1. A court of equity cannot interpose by injunction, to restrain a plaintiff, who has obtained judgment, on a writ of forcible entry entry and detainer, from having restitution of the possession, notwithstanding he is insolvent, and the complainant holds the undisputed legal title to the land.

Error to the Court of Chancery of the 40th District. Before the Hon. D. G. Ligon, Chancellor.

The bill in this case was filed by plaintiffs, against defendant in error, and alleges, that complainants, Carter T. Hamilton, and William C. Hamilton, deceased, the father of the other complainants, on the 24th December, 1844, purchased from William P. Chilton, the south half of section of land nineteen, township twenty-one, and range four, east, in the county of Talladega, and received from him a bond for titles, but which, by mistake, was made to said William C. Hamilton alone, instead of to him and complainant, Carter T., jointly : that said Chilton held the patent for said land : that on the 8th February, 1845, complainant Carter T., and said William C., went on the said land, and finding one Benjamin F. Adams thereon, who had taken possession without shadow of title, they peaceably removed his goods and chattels, out of one of the rooms of a dwelling house on said land, into another, and occupied that from which they had removed them : that said Adams thereupon sued complainant Carter T., and said William C., in an action of forcible entry and detainer, before a justice of the peace, and judgment was rendered against them : that they took the case by *certiorari* to the circuit court of Talladega county, where it was affirmed, on the 4th April, 1846 : that said Adams also sued them for the alleged trespass on said land, and has recovered a judgment for $25, which they have paid : that said Adams now threatens to sue out a writ of restitution in said forcible entry and detainer case, and to turn out complainant Carter T., and the children of the said William C., the other complainants, when in equity they are the only parties entitled to the occupancy

of said land: that they have made valuable improvements: that said Adams is a mere trespasser on said land: has occupied it four years, without paying a farthing to the real owner, is insolvent, and nothing can be recovered out of him: that he has hitherto committed, and will continue to commit, waste on it, by cutting down and burning the timber: that said Chilton has an action of trespass to try titles pending against said Adams, in the circuit court of Talladega, for the benefit of complainants: and that said Adams, being insolvent, if he turns complainants out of possession, is wholly independent of the law as to recovery, that may be had against him.

The bill prays that Adams be enjoined from proceeding with his writ of restitution, temporarily and perpetually, and also from the commission of waste, &c.

The defendant Adams, in his answer, denies title in Chilton and complainants to the land, denies that complainant Carter T., and said William C., entered peaceably, denies his insolvency, and insists, that he claims, not as a trespasser, but under title. He also denies the commission of any waste on said land, and prays that his answer may be taken, as a general demurrer to the bill.

There are several exhibits in the record, both to the bill and answer, but the patent to Wm. P. Chilton appears to be the only proof that was made on the hearing.

The chancellor dismissed the bill, and his decree therein is now assigned as error.

Morgan, for plaintiffs in error.

In this case, the title to the land is in the complainant. The defendant is in possession, not only as a trespasser, but in direct violation of the Creek treaty of March, 1832, it being a reservation under that treaty. The defendant not only commits waste, but contends for the possession, and has a writ of restitution against the real owners of the land. Lyon v. Hunt, 11 Ala. 297, is a full authority on all the points in the case, and sustains the right to relief on all the grounds stated in the bill. The complainants are in possession, and could maintain no action at law, to settle the question of title.

S. F. Rice, contra.

COLLIER, C. J.—The equity of the complainants' bill, so far as it seeks to stay the commission of waste, is perhaps defensible. Lyon et al. v. Hunt et al. 11 Ala. R. 295. But in respect to the allegations that the complainants are *bona fide* purchasers from the patentee of the land in controversy, and hold his bond for a title, that the defendant is insolvent, and will cause them to be dispossessed under a judgment he has recovered against them, in a proceeding for a forcible entry and detainer, unless restrained by injunction, they furnish no warrant for the interposition of equity.

The proceeding for a forcible entry and detainer, is a civil remedy under our statutes, intended to restore a person to the possession of lands, which have been tortiously entered upon, and detained with force or strong hand. It is instituted by a complaint, addressed to a justice of the peace, and the trial is by jury. If a verdict is found for the defendant, judgment shall be rendered thereon, with costs; and the justice shall issue a writ of restitution, directed to the sheriff, "to cause the complainant to be reseized, or repossessed," also to make the costs, &c. After judgment, the proceedings may be removed before the circuit court of the county in which they have taken place. It is expressly declared, that the judgment shall be a bar to "an action of trespass, or other action against the aggressor, or party offending." *Further*, the estate or merits of the title, shall in no wise be inquired into on any complaint for a forcible entry and detainer, &c. Clay's Dig. 250 to 253.

The object of these statutes was to afford a summary and cheap remedy for the party aggrieved, and to preserve the peace and harmony of society, by preventing persons who have conflicting titles to the same lands, from redressing their supposed grievances in defiance of the law. We have seen it is provided that the title shall not be *inquired* into— the only question being, who was in possession, and how that possession was lost. It is therefore immaterial how perfect a man's title may be, if he enters upon the possession of another who has no title whatever, by violence, he cannot protect himself against the proceeding for a forcible entry and detainer. Davidson v. Phillips, 9 Yerg. Rep. 93; Childress v. Black, ib. 317; Turner v. Lumbrick, Meigs's Rep. 12;

Childress v. McGehee, Minor's Rep. 131; Ward v. Lewis, 1 Stew. Rep. 26; Lecatt v. Stewart, 2 Stew. R. 474; Wright v. Mullen, 2 Stew. & P. Rep. 219; Singleton v. Finley, 1 Port. Rep. 144; Cunningham v. Green, 3 Ala. Rep. 127; Clark v. Stringfellow, 4 Ala. Rep. 353; McRae v. Tillman et al. 6 Ala. Rep. 486.

The purpose of the statutes being to redress the party whose possession has been invaded, and to place both parties in the same situation they respectively occupied previous to the commission of the grievance, it is not competent for a court of chancery to interpose by injunction, and arrest the execution, upon the allegation of the plaintiff's insolvency. The exercise of such a jurisdiction would defeat the design of the legislature, and be an interference above, or in despite of the law. If the defendant had not intruded upon the plaintiff's possession, but for the purpose of vindicating his title, had resorted to an action of trespass, or ejectment, he could not, by the action of any tribunal, compel the party in possession to give security for the payment of such damages as might be recovered. It is difficult, then, to perceive any ground upon which he can indirectly effect that object by being maintained in his possession, and thus preventing the defendant from receiving the rents and profits of the land, which furnish the cause and criteria of the damages. He must submit to repair the wrong which the verdict and judgment ascertain he has committed, and assert his title in the legal mode.

In Dedham v. Smith et al., 2 A. K. Marsh. Rep. 260, it was decided that a successful plaintiff in a warrant of forcible entry and detainer, should not be restrained from having restitution, because the defendant has recovered a judgment in ejectment for the premises. So it has been held that a court of chancery cannot rightfully award an injunction against a writ of restitution, upon a conviction of forcible entry and detainer. Hamilton v. Hendrix' heirs, 1 Bibb's R. 70; see also 1 Monr. Rep. 190. The case of Ashby v. Kizer et al., 1 Gilmer's Rep. 153, is unlike the present. There, it was determined that a court of equity has jurisdiction to stop proceedings at law to reverse a judgment on a writ of forcible entry, in which a second writ of restitution had been

granted—the first being lost, without any fault in the complainant. This was certainly a very singular case, depending upon facts peculiar to itself, and the reasoning upon which the opinion of the court rests, is so entirely foreign to the question before us, that we will not attempt to recapitulate it. The citation from 14 Vin. Ab. tit. Injunction, merely states, that the Lord Chancellor showed the compiler a note of a cause in chancery of 20th Hen. the 8th, by which it appeared, that an injunction issued to restrain the prosecutor *not to pay restitution upon an indictment of forcible entry*. But it is difficult to perceive why it was necessary for the defendant in the last case to resort to chancery to protect his possession; for it is said, that the Court of King's Bench has such a discretionary power over the subject from an equitable construction of the statutes, that if a writ of restitution shall appear to have been illegally awarded, or executed, that court may set it aside, and grant a re-restitution to the defendant. 4 Bac. Ab. tit. Forcible Entry and Detainer, letter F. and G.

Although we have seen that the bill might be sustained in respect to the waste alleged to have been committed and contemplated, yet the case is not even to this extent made out by the proof. The defendant does not admit the legal title of the vendor under whom the complainants profess to claim, or the equitable title they assert in virtue of their purchase, but requires them to prove it. The only evidence upon these points, is the patent from the United States to their vendor. It was incumbent on the complainants to have shown their right to file a bill. This could only be done by proof of the title they allege ; in the absence of such evidence, it is clear that they are not entitled to the relief they seek. This view relieves us from further considering the defence; and we have only to declare that the decree is affirmed.

CHILTON, J., not sitting.