## TOWNSEND et al. vs. JEFFRIES' EXECUTORS.

1. A presumption against the express averment of the record cannot be indulged even in support of the judgment.
2. Where therefore the record shows that an issue was made up between the parties, and the judgment entry recites that the jury were sworn " to ascertain and assess the said plaintiff's damages," it cannot be intended that they were sworn to try the issue, nor will the fact that they passed upon it cure the defect.

Error to the Circuit Court of Madison. Tried before the Hon. Thomas A. Walker.

JAMES ROBINSON, for the plaintiff in error :—The defendants below filed three or four pleas. To two there were demurrers. These demurrers were not acted on by the court. The judgment entry recites that the parties came by their attornies, and also that a jury was empanelled. The entry further recites that the jury was sworn to *ascertain* and assess the plaintiff's damages, when the jury should have been sworn to try the issues between the parties. In thus swearing the jury the court wholly disregarded our pleas, and in fact turned us and our pleas out of court. Whenever there is an issue joined the court is bound to empanel to try that issue, and cannot treat that issue

Townsend et al. v. Jeffries' Ex'rs.

as a nullity and direct the jury simply to assess plaintiff's damages.

C. C. CLAY, Jr. for defendants:

I. There is no error in the swearing of the jury. 1. Even supposing they were sworn " to ascertain and assess said plaintiff's damage" as set out in the record, yet that is substantially correct, though not according to technical form. To *ascertain* plaintiff's damage necessarily required of them an enquiry of defendant's guilt, or to try the issues joined according to the evidence. If they found defendants not guilty, there was no damage.

2. But the court will presume the jury was sworn according to law, unless the contrary is clearly shown by the record. The record does not set forth the terms of the oath, but narrates the fact that they were duly sworn.—McRae v. Tilman et al. 6 Ala. 487.

3. If, however, the term, *ascertain* plaintiff's damage, does not necessarily imply an enquiry into the issue of guilty or not guilty, and the court will not presume that the oath was properly administered, then the fair legal presumption is that defendants *waived their pleas* and submitted to the jury the enquiry of damages. To sustain a judgment every thing compatible with the record will be presumed. All reasonable intendments are made in favor of the regularity of the proceedings of a court of general jurisdiction. Thus, where judgment *nil dicit* is rendered, though pleas are on file, presumption is defendant was present by his counsel and did not attempt to sustain his plea. Bryant v. Simpson, 3 Stew. 339. So court presumes, where judgment entry recites parties appeared and jury found a verdict, that it was on a *proper issue,* though *no pleas* appear.— Hitchcock v. Lucas, 2 Ala. 287. So court will presume jury were sworn, though record don't say so.—Minor 63-138. Can the defendants now be heard to deny this presumption of waiver of their plea, when they were present and did not object to the form of the oath?—Findlay v. Buchanan, 1 Blackf. 13; 4 ib. 189; Cornelius v. Boucher, Breese, 13.

II. There was no error in rendering judgment on the verdict. The verdict was clearly responsive to the issue. They find for the plaintiffs. What do they find for the plaintiffs? Why the issues joined—that is, that defendants are guilty, for any other supposition is absurd. To conclude that they found

for the plaintiffs, without finding defendants guilty, is to suppose the jury destitute of common sense.—Peters v. Johnson & Conally, Minor, 100, is directly in point; Ib. 197-291-109; 8 Ala. 90. "Though the verdict may not conclude formally and punctually in the *words of the issue*, yet if *the point in issue* can be concluded out of the finding, the court shall work the verdict into form and make it serve."—Moody v. Keener, 7 Port. 233; Ib. 441. If the intention of the jury is manifest and beyond doubt, the court will set right matters of form and mere acts of the clerk.—9 Mass. 316 ; 14 John. 86 ; 1 Dallas, 458. Neither does it matter that there were several pleas, as the jury could not have found for plaintiffs, if they had found either of the issues for defendants.

CHILTON, J.—This was an action of trespass instituted by the executors of Jeffries against the plaintiffs in error, for beating and wounding a slave, *per quod*, &c. The defendants pleaded separately. "1. Not guilty: 2. That they only punished said *negro* slave reasonably and moderately for having killed and used, and for injuring their hogs, or the hogs of some of the defendants: 3d. That the punishment mentioned was authorised by said plaintiffs, or by their agent in that behalf." The record then recites—"1. Replication and issue as to first plea : 2d. General demurrer as to second and third pleas, all in short by consent," which pleas and replication, &c. were signed by the respective counsel. The judgment entry is as follows : "Came the parties by their attornies, and thereupon came a jury of good and lawful men, to-wit, John W. Scruggs and eleven others, who being duly elected, empanelled, tried, sworn and charged well and truly to ascertain and assess the said plaintiffs' damages, upon their oaths do say, we the jury find for the plaintiffs and assess their damages at the sum of three hundred and seventy-five dollars. It is therefore considered by the court that said plaintiffs recover of the said defendants," &c. 1. It is insisted by the counsel for the plaintiffs in error, that the record shows the jury were improperly sworn to ascertain and assess the damages, instead of to try the issues between the parties ; and 2d, that the court wholly disregarded the defendants' pleas by not requiring the jury to try them.

I have looked through our own decisions with a desire to see

if the point here raised is concluded by them, but have been unable to find any case precisely in point. There are many decisions to the effect that all reasonable intendments will be made in favor of the regularity of the proceedings of courts of general jurisdiction. In the language of the lamented Judge, in Abercrombie v. Mosely, 9 Por. Rep. 143, this court " has always been actuated by the most earnest desire to divest the practice of the courts of those technicalities which so often tend, when carried to extremes, to the prostration of justice." On the other hand, however, I may be allowed to add, that the most punctilious adherence to the strictest legal technicalities would be far less injurious in its consequences than the uncertainty and confusion which never fail to result from a disregard of established forms and precedents, sometimes superinduced by a desire to attain the supposed justice and merits of the cause. But to the case before us. However well satisfied we may be from our knowledge of the hasty and imperfect manner in which the minute entries of the courts are sometimes made, often by inexperienced deputies, that the irregularity here complained of was an omission of the clerk in failing to insert that the jury were empanelled and sworn to try the issues joined, still we cannot judicially know that it is a clerical misprision; for the record informs us how they were sworn and for what purpose they were empaneled—namely, " to ascertain and assess the damages." The question as to the guilt of the defendants, which was directly in issue, was not submitted to them, but the ascertainment of the damages merely. Did the record recite, as in the case of McRea v. Tilman, 6 Ala. 486-'8, that the jury were duly sworn, we should then be entirely justified in presuming that they were sworn according to law. But to indulge such presumption in the case before us, would be to presume against the explicit averment in the record in order to uphold the judgment. No case, we apprehend, has gone this far: certainly none in this court. The recital in the judgment entry that the jury found for the plaintiffs, &c. does not cure the defect. If they did find for the plaintiffs the issues in the cause, the most that can be affirmed of their verdict is, that they found what they were not sworn to try, and what the record affirmatively shows was not submitted to them. None of the cases cited by the counsel for the defendants in error oppose the view

we have taken. The record does not show a waiver on the part of the defendants below, of the objection here insisted upon. They appeared in court by their attorney, and by their pleading put the plaintiffs on their proof of the tortious act complained of in the declaration as constituting the ground of damage. This, the issue in the cause, has not been tried, but assuming it as found for the plaintiffs, the jury are empaneled and sworn to *ascertain and assess their damages*. This is clearly erroneous, and the judgment must be reversed and the cause remanded.