### DUNHAM v. CARTER and CARROLL.

1. The County Court has no jurisdiction by certiorari or appeal, in cases of forcible entry and detainer.
2. In cases of forcible entry brought up by certiorari, the trial must be on errors assigned in the record.

J. DUNHAM, on a complaint for a forcible entry and unlawful detainer, recovered judgment before a justice of the peace of Wilcox county, against A. Carter and A. Carroll. The defendants, by certiorari, carried the cause into the County Court. In the County Court, Dunham moved to dismiss the suit, and strike the case from the docket, for want of jurisdiction in the Court. This motion was overruled by the Court; he then filed a plea to the jurisdiction, insisting that the Circuit only had jurisdiction of the cause; to which plea there was a demurrer, and which demurrer the Court sustained. After this, he moved the Court for judgment of affirmance for want of an assignment of errors. This motion the Court also overruled; and directed that he should file a statement, so that an issue might be made up and tried by a jury, which Dunham refused, and on motion of Carter and Carrol, the Court nonsuited Dunham, for the want of a declaration or statement, and rendered judgment for the defendants for costs, from which Dunham appealed to this Court; and he now assigns those proceedings of the County Court for error.

GORDON and H. G. PERRY, for the appellant.

SHORTRIDGE, for the appellees.

By JUDGE CRENSHAW. If the County Court had jurisdiction, it was certainly erroneous to nonsuit the plaintiff for want of a declaration, because it has been set-

tled by at least two adjudications of this Court, that the proceedings in a case of forcible entry and detainer, when certified to an appellate Court, are to be received as a record; that errors must be assigned,.and the trial had on the record alone.[a] But the main inquiry is, had the County Court any jurisdiction over the subject matter of litigation? By the act of 1805, it is provided that the proceedings in forcible entry and detainer may be removed to the Circuit Court, by writ of certiorari, and in no other manner. If this act alone is to govern, it is then clear that the Circuit Court is the only appellate tribunal which could entertain jurisdiction of the case.

But in the written argument, which I find among the papers, it is said that a clause of the act of 1807, gave the County Court jurisdiction " of all actions of a civil nature, wherein the value of the matter in controversy shall not exceed $1000, excepting real actions, actions of ejectment, and trespass *quare clausum fregit*." To this it may be conclusively answered that the clause of the act alluded to, gives the County Court, in the cases there enumerated, original and not appellate jurisdiction, and consequently has no bearing on the question before us.

It is also alleged, that jurisdiction may be inferred from the act of 1812; but it must be recollected that the section of the act referred to, does not enlarge, but manifestly restrains the jurisdiction of the County Court, and therefore confers no new authority, nor gives it any appellate power, which it could not exercise before the passage of the act. It was also insisted on, that from the act of 1822, which gives to the Judges of the County Court concurrent power with the Judges of the Circuit Court, to grant writs of *certiorari* and *supersedeas*, it was fairly inferable that the County Court had jurisdiction. By the section of the act relied on, the Legislature did not intend to give appellate jurisdiction over any case, of which, independent of this section, it did not already possess it; but only intended to prescribe a new mode of proceeding, or rather to clothe the County Court with authority to grant writs of *certiorari*; and which before the act, it seems the Court did not possess. To consider the subject in any light, I think it would be a wrong interpretation of the sense and spirit of these acts, to suppose that by all or either of them, the Legislature intended, among other things, to give the County Court appellate jurisdiction in cases of forcible entry and detainer.

JANUARY 1830.

Dunham
v.
Carter & Carroll.

[a] Vide McDonald v. Gayle Minor's Ala. Rep. 98; and Ward v. Lew is. 1 Stew. Rep. 26.

63

For these reasons, the Court are unanimous in opinion, that the County Court erred, in refusing to dismiss for want of jurisdiction, and in nonsuiting the plaintiff for want of a declaration. The judgment is therefore reversed, and a writ of *procedendo* awarded to the justice.

Judgment reversed.