## BELL v. KILLCREASE.

1. It is no objection to a complaint for a forcible entry and detainer, that it is unnecessarily prolix in describing the premises sought to be recovered; if it furnishes *data* from which a diagram of the *locus in quo* may be drawn, its locality and bounds ascertained, it is sufficient.

2. Where the transcript of the proceedings before the justice in a case of forcible entry and detainer, shows that the defendant pleaded *not guilty*, that a jury was summoned and impanneled, who found a verdict against him on which judgment was rendered, the defendant cannot in an appellate court object to the want of, or to defects in the *summons* or *venire* which the statute required the justice to issue.

3. The record or proceedings are returned, or at least considered as returned in answer to a *certiorari* issued by a superior to an inferior tribunal, although the return itself states that a copy only had been sent up; and under our statute where the justice trying a forcible entry and detainer sends

up the original papers, with a transcript of the proceedings, all duly certified, the circuit court should require the appellant to assign errors without awarding an alias *certiorari* to bring up copies of the original papers.

Writ of Error to the Circuit Court of Baldwin.

THIS was a proceeding instituted by the defendant in error before a justice of the peace for a forcible entry and detainer. The complainant describes the lands of which the plaintiff was in possession, thus: "Beginning at a water oak on Tensaw lake—running from thence south 13 degrees east, forty-two chains; thence south 85 degrees 54 chains; thence north-westwardly across the Tensaw lake; thence up the margin of said lake, so far that a line therefrom south 22 degrees west to the margin of said lake; thence up the margin thereof to the place of beginning, including 640 acres of land, the said tract being the same granted by the United States to Francis Steel by patent bearing date 18th November, A. D. 1808." The land of which the forcible entry and detainer is charged, is thus described, viz: "a certain parcel of said tract of land, to wit, that portion described as lying across Tensaw lake, and bounded by said lake on all sides, except that which has a line running from the one margin of said lake south 22 degrees west, to the other margin thereof."

It is certified by the transcript sent up by the justice that the defendants appeared and pleaded "not guilty," the issue was submitted to a jury, who returned a verdict for the plaintiff, and judgment was thereon rendered. The cause was removed to the circuit court by *certiorari*, where the defendants below assigned for error—1. That the complaint did not authorize process to issue, and that there was neither process, *venire facias*, or a judgment of the justice—2. The premises sought to be recovered are not described in the complaint. Upon this assignment the judgment was affirmed.

In the circuit court, the plaintiff in the *certiorari* moved for a rule of the justice to show cause why he should not send up a perfect transcript in this case, and objected to assigning errors on the original papers which had been sent up

instead of the transcript. The court held that the original papers thus sent up were sufficient, and refused the rule compelling the plaintiff to assign errors on the original papers, or submit to a judgment of affirmance for want of an assignment. To all which they excepted, &c. and here assign for error the ruling of the circuit court. .

J. W. Pryor, for the plaintiff in error, insisted that the complainant did not identify the land which the defendants below were charged to have entered upon and detained; and that the rule upon the justice to send up a complete transcript of the original papers, should have been granted. [Clay's Dig. 253, § 16–18; 6 Port. Rep. 99; 1 Ala. Rep. 344–456; 3 Id. 744.]

P. Phillips, for the defendant in error, cited Clay's Dig. 314, § 10; 252, § 10; 253, § 18; 7 Ala. Rep. 383; 4 Id. 114; 6 Id. 557; 1 Litt. Rep. 363; 3 J. J. Marsh. Rep. 396; 6 Munf. Rep. 394; 6 G. & J. Rep. 386.

COLLIER, C. J.—The complaint is unnecessarily special in the description of the land of which the complainant is in possession, but this is not a legal objection to it. It furnishes *data* from which it would not be difficult to draw a diagram and ascertain its locality. The quantity of land, name of the original patentee, length of the lines, courses, situation of the lake, and how and where it is traversed by the lines, and bounds the land, is distinctly stated. Having progressed thus far, the supposed difficulty of identifying the land all vanishes—it is only necessary to follow the line which we have supposed to be traced from " one margin of the lake, south 22 degrees to the other margin thereof"—remembering that the *locus in quo* is across the lake from the point at which the survey begins. The objection then, that the complaint is too general to support the judgment, or to enable the officer to execute a writ of *habere facias possessionem*, is not well taken. [2 Porter's Rep. 86; 8 Ala. Rep. 87; 3 Ala. Rep. 127, and cases there cited.]

The proceedings before the justice not only do not show that there was no objection to the process to bring in the de-

fendants and the *venire facias* by which the jury were sum-
moned ; but it is explicitly stated in the transcript sent to the
circuit court, that the plea of *not guilty* was interposed, the
jury summoned and impannelled, and that they found a ver-
dict of *guilty*, on which judgment was rendered. In this
condition of the cause it was not allowable to object after
judgment to these proceedings, which were but preliminary
to the trial : if they were defective, all objection was waiv-
ed by pleading to issue, and submitting the case to a jury.
[4 Ala. Rep. 114; Clay's Dig. 252, § 10.]

It is provided by the act of 1805, that if the jury in a pro-
ceeding for a forcible entry and detainer, shall find the defen-
dant guilty, it shall be the duty of the justice to record the
verdict, and give judgment thereon with costs ; and also is-
sue a writ of restitution, &c. It is also made the duty of the
justice to enter on his minutes or docket, true copies of the
complaint, the summons and *venire*, and their respective re-
turns—the names of the jurors, their verdict and his judg-
ment thereon—the names of the witnesses, and the admis-
sion of evidence objected to, and the rejection of evidence of-
fered, the reason of such admission or rejection, and all the
proceedings had before him touching the said complaint.
*Further*, the proceedings had by virtue of this act, may be
removed before the circuit court of the county in which the
same may have taken place : " and such removal shall be by
writ of *certiorari*, and in no other way, and then only after
judgment." [Clay's Dig. 252, § 13 ; 253, § 16-18.]

A *certiorari* is a writ directed to the judges of an inferior
court, or a justice of the peace, commanding them to certify
a record or proceedings before them. The record itself is re-
turned, or at least is considered as having been transmitted to
the court above, even though the return state that a copy on-
ly had been sent up, and the court proceeds with the cause.
[1 Dunlap's Prac. 220-223.]

There is nothing in our statues, which, *in totidem verbis*,
requires the justice to certify copies of the complaint, process
and *venire*, instead of the original papers. True, he is di-
rected to enter them " on his minutes or docket ;" but this
was doubtless intended as a mean of preserving a memorial
of them more convenient for reference—less liable to loss, and.

perhaps for the additional purpose of having a perfect transcript of all the proceedings. If the justice has performed this duty, it cannot be very important that he should retain the original papers in his office ; if the circuit court when the cause is removed there, should direct a *venire facias de novo*, or award a *procedendo*, the transcript before him will serve as a basis for his action. We cannot then perceive any reason why the circuit court should not recognize the original papers with a transcript of the proceedings when duly certified as a sufficient return to the *certiorari*, and require the plaintiff to assign errors thereon ; or in default of such assignment, affirm the judgment of the justice. To award an *alias certiorari* in such case, unlesss the plaintiff could show that he would be prejudiced, if required to proceed without a copy of the papers, would only be productive of delay, and defeat the summary and expeditious remedy which the statute intended to afford. We cannot think the circuit court should have made the rule upon the justice which the plaintiff asked. This view is decisive of this cause, and the judgment is consequently affirmed.