## ROOD vs. ESLAVA.

1. The pendency of a suit for the same cause of action in a court having no jurisdiction is not sufficient to abate a subsequent suit instituted in a court that has the rightful jurisdiction.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

THIS was a case of unlawful detainer originally commenced by Eslava and others against Rood, before a justice of the peace in Mobile county. Judgment was rendered by the justice in favor of Eslava. Rood then took the case by *certiorari* to the *County Court* of Mobile. That court reversed the judgment of the justice of the peace, and from that judgment of reversal Eslava sued out a writ of error to the Supreme Court. The Supreme Court at its June term 1847, reversed the judgment of the County Court of Mobile and remanded the case to to the County Court with directions to dismiss the *certiorari* at its next term. After this decision of the Supreme Court and *before the County Court had dismissed the certiorari*, Rood sued out a *certiorari* from the Circuit Court of Mobile to the justice of the peace to bring the case into the Circuit Court. When

the case came on in the Circuit Court the *certiorari* was dismissed on motion of Eslava on the ground that it was improperly sued out *before* the *certiorari* pending in the County Court had been dismissed. To this judgment of dismissal the plaintiff in error excepted and now assigns it as error.

RAPIER, for the plaintiff in error:

The County Court has no jurisdiction by *certiorari* or appeal in cases of forcible entry and detainer, or of forcible or unlawful detainer.—Clay's Dig. 253, § 18; Dunham v. Carter et al. 2 Stew. 496. The want of jurisdiction makes a judgment null and void, and all the proceedings connected therewith may be disregarded as *coram non judice*.—Latham v. Edgarton, 9 Cow. 227; Borden v. Fitch, 15 Johns. 141; Mills v. Martin, 19 ib. 33; Wise v. Withers, 3 Cranch, 337. There is nothing better settled, as a general rule, than that the pendency of a suit in one court may be plead in abatement of a suit for the same cause of action in another court; but the rule does not apply where the court in which the suit is first commenced is without jurisdiction.

In pleading the pendency of a suit in another court in abatement, it is necessary, especially where such other court is an inferior one or a court of limited jurisdiction, that the plea should make averments showing the jurisdiction of such other court.—See Newell et al. v. Newton, 10 Picker. 470, and the authorities there cited. Any circuit judge may grant a writ of *certiorari* returnable to any Circuit Court of the State.—Clay's Digest, 294, § 29.

JONES, for the defendant:

It seems to be a very general rule, and certainly a very just and proper one, that a party shall not commence a suit even in a good cause of action, whilst he has another suit pending previously commenced in the same cause of action against the same party. This is precisely the case here. Rood himself had sued out a *certiorari* in this case to the *County Court* of Mobile, and *before dismissing* that, and whilst it was yet pending he sued out this *certiorari* in the same case and against the same parties, to the *Circuit Court*. It will be contended that as the County Court had not jurisdiction of the

Rood v. Eslava.

case, Rood was authorised to sue out his *certiorari* to the Circuit Court before dismissing the *certiorari* he had previously sued out to the County Court. But in answer to this it is submitted that it was by *his own act* that he carried the case to the County Court, and whilst it continued pending there it did not lie in his mouth to say that that court had no jurisdiction of the case. To allow him to do so would be to allow him to take advantage of his own wrongful act, which cannot be tolerated. If A bring an action of trespass to try titles against B in the County Court, (which has no jurisdiction of such an action,) and afterwards whilst that is pending he brings another action of trespass to try titles for the same land against B in the Circuit Court, and in this last action B pleads the former action pending, would it be a good replication for A to such a plea that the County Court had no jurisdiction of the action he had brought in it? Certainly such a replication would not be good for two reasons: 1st, because he would not be allowed to allege and take advantage of his own wrongful act; and 2d, because one court could not in this manner be called on to decide on the extent of the jurisdiction of the other court. The fact that the *certiorari* in the County Court was dismissed after the *certiorari* in the Circuit Court was sued out and before the motion to dismiss in the Circuit Court was made, cannot avail the plaintiff in error. It is well settled that if a subsequent action be *commenced* while a prior one for the same cause of action is pending, the pendency of the prior action may be pleaded in abatement of the subsequent one, though the prior action may have been discontinued before the plea was pleaded. 1 Ch. Pl. 454, n. 6; Parker v. Colcord, 2 N. Hamp. R. 36; Frogg's Ex'r v. Long's Adm'r, 3 Dana's R. 157. In Dean v. Massey, 7 Ala. 601, this court held that an attachment sued out and levied might be pleaded in abatement of another attachment for the same cause, though the papers in the first attachment were *destroyed by the plaintiff before being returned* and before the second attachment was sued out. This is a *stronger* case in support of the principle contended for than the one now under consideration.—See, also, Boswell v. Tannell & Wife, 10 Ala. R. 958.

CHILTON, J.—This was an action of unlawful detainer

Rood v. Eslava.

brought by the defendants in error against the plaintiff in error, in December 1845, to recover possession of an eighty acre tract of land described in the complaint made before the justice of the peace before whom it was tried. A recovery of the land was had before the justice on the 22d Dec. 1845. On the 6th January 1846, a *certiorari* was awarded by the county judge and the proceedings had before the justice were removed to the County Court of Mobile, which court at the February term 1847, reversed the judgment of the justice of the peace. The judgment of the County Court was taken to this court and reversed at the June term 1847, for want of jurisdiction of the County Court, and the County Court afterwards, to-wit, at the February term 1848, dismissed the cause for want of jurisdiction. The plaintiff in error in the mean time, to-wit, on the 5th July 1847, obtained another *certiorari* returnable to the Circuit Court of Mobile. Upon these facts the Circuit Court dismissed the *certiorari*, and this writ of error is sued out to reverse this latter judgment.

The County Court has no jurisdiction of cases of unlawful detainer. The statute authorises a *certiorari* after a judgment is rendered by the justice to the Circuit Court of the county in which the proceedings took place.—Clay's Dig. 253, § 18; Dunham v. Carter & Carroll, 2 Stew. Rep. 496. This is one of that class of cases where consent cannot confer jurisdiction. Now it is well settled that the judgment of a court having no jurisdiction is void. Such judgment where its validity is collaterally called in question may be treated as a nullity, and all its proceedings in the cause are *corum non judice* and of no validity.—Duckworth v. Johnson, 7 Ala. 581, and the cases there cited; McComb v. Elliott, 8 Smeed & Mar. 505; 10 Peters' Rep. 449, and cases on the plaintiff's brief. The justice of the peace would have been compelled notwithstanding the judgment of reversal pronounced by the County Court, to have proceeded and awarded the writ of restitution, as the County Court for want of jurisdiction could have made no order obligatory upon him. So that to deprive the plaintiff in error of the benefit of his *certiorari* in the Circuit Court because at the time of its issuance proceedings upon the case were being had in the County Court, would be to repudiate a rightful jurisdiction in deference to a court which could not legally take the first

step in the cause. The pendency of such proceedings in a court having no jurisdiction over the subject matter is no cause for abatement of the proceeding on the same case in a court which has, and furnishes no ground for dismissing it from the latter court. This point was well considered in Newell v. Newton, 10 Pick. Rep. 470—and decided in accordance with the view here taken.

Our conclusion is that the Circuit Court improperly dismissed the *certiorari* upon the state of facts set out in the bill of exceptions. The judgment must therefore be reversed and the cause remanded.

DARGAN, C. J., not sitting.