## LECATT v. STEWART.

1. In an action for a "forcible detainer," it is not necessary to allege in the complaint that the defendant "entered" the premises.
2. In such action, to charge that the plaintiff has a "freehold in fee simple," is a sufficient statement of his "*estate*," in the premises.
3. The record need only shew such evidence as is offered and rejected, and such as is objected to, but admitted. Therefore, all the evidence offered is not presumed to appear.
4. This Court will not revise the decision of an inferior Court on an application for a new trial.
5. To establish possession, the plaintiff may prove a tenancy under him, and possession by his tenant.
6. In such actions, title cannot be investigated, and need not be proved. The question is as to possession only.

CHARLES A. STEWART, on the 14th November, 1827, made a complaint in writing before a justice of the peace of Mobile county, against Littleton Lecatt, for a forcible detainer. The complainant alleged, "that he was possessed of a certain house and lot, and out house in the city of Mobile, &c. (describing it,) and being so possessed, that Lecatt, on the 13th November, 1827, with force and arms, and with strong hand, did, then and there forcibly detain the premises, and doth still forcibly detain the same." And further, "that the complainant hath an estate of freehold in fee simple in the premises," &c. On this complaint, the justice issued his warrant and venire, and the cause was tried on the plea of not guilty, and a verdict was found for the plaintiff, and judgment thereupon given. A motion was made by the defendant for a new trial, but was overruled. He afterwards obtained a certiorari, and removed the record into the Circuit Court, where the judgment of the justice was affirmed; and from the judgment of the Circuit Court, he brought the case by appeal to this Court, and here assigned errors. Several points were ruled on the trial by the magistrate, and various errors were assigned, which need not be here stated, as they are recited in the opinion delivered.

SALLE, for the appellant, cited 3 Burrows, 1732, 1702. 4 Johnson's Reports, 150. 13 Johnson's 340, 1 Caine's Reports, 124. 2 Caine's Reports, 98. 2 Burn's Justice, 177.

GORDON & HALL, contra.

By JUDGE TAYLOR. It is to reverse the decision
of the Circuit Court, that the appeal is brought to this
Court.

The first error assigned, is, that the plaint does not
state that the said Littleton "entered" the said premises.

The 7th section of the "act concerning forcible entries
and detainers," prescribes the manner in which the com-
plaint shall be made, and what it shall contain, and de-
clares that it shall be in writing, "specifying the lands,
tenements, or other possessions, so forcibly entered upon
and detained, or forcibly or unlawfully detained, by whom
and when done, and the estate therein," &c. The plaint
in this instance states, that on the 13th of November,
1827, the said Littleton Lecatt, "with force and arms and
strong hand, did, then and there forcibly detain" the pre-
mises which in the plaint are described, and which the
complainant had previously therein alleged himself to have
been in the possession of. As the injury alleged was a
"forcible detainer," and not a "forcible entry," it is be-
lieved that this assignment contains no cause for a reversal.

The second assignment is, "that the plaint does not
state that the said Charles A. Stewart was seized in fee,
and being so seized, that the said Littleton "entered,"
&c. The statute requires that the complainant shall state
his "estate" in the lands, &c. In this instance the plaint
does state that he has "a freehold in fee simple." This
is all that it is necessary for it to contain in this particular.

The third and fourth assignments relate to the absence
of all evidence of force before the justice of the peace. In
this Court it does not appear whether such evidence was
introduced or not. In reasons assigned by the defendant's
counsel for the new trial, which he moved for before the
justice, it is alleged that there was no evidence of force;
but this Court is not authorized to act upon this statement
of counsel, for it is nothing more. In the case of *Ward
v. Lewis,* [a] it was determined by this Court, that no evi-
dence need appear in the record, except that which is of-
fered, but rejected, and that which is objected to, and yet
admitted by the justice. Such evidence as that required
by these assignments, may have been introduced and not
transcribed upon the record.

[a] 1 Stew. Rep page 26.

The 5th assignment is, that the justice erred "in not
granting a new trial of the issue, when the jury found the
defendant guilty, in the total absence of all evidence of
force or menaces." It has often been decided by this

Court that it will not revise the decisions of inferior tribunals, on motions for new trials. These motions being addressed to the sound discretion of the Court, must abide its determination. But were we willing to make this case an exception, which we are not, we have no data upon which to determine that the decision of the magistrate was in that instance incorrect. .

The 6th assignment is, that the justice erred "in admitting the lease to be read in evidence to prove possession without the aid of other evidence of that fact." It appears from the record that the complainant offered in evidence a paper, termed in the record a lease, executed by Martha J. Livingston, in which it is recited that the complainant had rented to the said Martha the premises in dispute, for the term of one year from the date thereof, which is the 19th October, 1826, and she promises to pay twenty-five dollars rent therefor, and " return the premises in as good order as received" by her. The introduction of this lease was objected to, but admitted by the justice. This paper must have been offered as testimony conducing to prove that Stewart had been in possession of the premises by his tenant; for it will be observed that the proceedings in this case commenced within a month after the time at which the term of Mrs Livingston expired. If this was all the evidence which was introduced to prove that Stewart had ever been in possession of the premises, it was certainly insufficient to establish that fact; but this is no where stated to be the case. The presumption must be, that other evidence was introduced to prove that Mrs Livingston had occupied the premises, and the object of reading this paper was, to show that she held that possession as the tenant of Stewart. For this purpose it certainly was legally admitted. The possession of the tenant is the possession of the landlord; and as the tenant herself would have been estopped by her own deed from denying this fact, so that deed, when coupled with evidence of her possession during the time specified in it, was admissible in this case to show that such possession was the possession of Stewart.

The 7th assignment is, that the justice erred in " charging the jury that it was not necessary for the complainant to prove any title in him." In a proceeding of this kind, the title is not in controversy; it is only necessary to prove that the possession has been intruded upon by the defendant, and it is then for the defendant to shew that he holds

that possession in a manner which affords him a defence in
this summary proceeding.

The judgment must be affirmed, and in this opinion the
Court are unanimous.