3 127
e142 257

CUNNINGHAM V. GREEN.

1. A Justice of the Peace has the power to supply the loss of any paper relating to a cause pending before him.

2. A complaint in a suit for a forcible entry, is not insufficient, because it seeks to recover *a messuage, with the appurtenances, known as the South half of Section twenty.* Such a description of the land is ample; and the judgment, if a recovery is had, may be to recover the *half section;* as that is the name by which the messuage is known.

3. An allegation of seizen in fee in the plaintiff, and an assertion that the defendant entered and disseized, and put out the plaintiff from the peaceable possession of the lands described, is a sufficient averment of possession.

4. The defendant in an action for a forcible entry, can not introduce evidence to shew that the land in controversy is a part of the public domain, for the purpose of contradicting the allegation of the plaintiff that he is seized in fee.

5. Nor is such evidence admissible to show that the plaintiff was not in possession at the time of the entry. The fact, if admitted, has a tendency to elucidate the question as to the possession, which is alone in issue.

Writ of error to the Circuit Court of Macon county.

ACTION of forcible entry, commenced before a justice of the peace. The plaintiff had judgment, and afterwards the defendant removed the case, by *certiorari,* into the Circuit Court, where he assigned for error, that the justice of the peace erred,

1. In admitting the plaintiff to substitute a complaint; the substituted paper not purporting to be a copy of the original.

2. In excluding evidence offered by the defendant, to prove the land in controversy was a part of the public domain.

3. In rendering judgment on an insufficient complaint.

4. In rendering judgment on a verdict not responding to the issue.

5. Because the verdict and judgment should have been in favor of the defendant.

The Circuit Court affirmed the judgment, and the defendant assigns as error, that it should have been reversed.

The record shows that the plaintiff on the day of the trial before the justice, made, signed and filed a complaint, in which he alleges that he " on the 7th December, 1839, was seized in fee of a certain messuage, with the appurtenances, lying and situate in the county of Macon, and State of Alabama, known

as the south half of section twenty, in township sixteen, of range twenty-two, and being so seized thereof, the defendant afterwards, on the same day, at the county aforesaid, with force and arms, unlawfully did enter, and him the said plaintiff, from the peaceable possession of the said messuage, with the appurtenances aforesaid, then and there, with force and arms, and with strong hand, unlawfully did disseize and put out," &c. On this complaint, the justice indorsed: " This complaint, filed in my office this day, but one of the same nature was filed previous to the third day of January, 1840; I mean by the word return, the plaintiff filed his complaint, saying that the defendant had trespassed as mentioned, on the land as described within, and that said lands were his."

The defendant objected, in writing, to the substitution of the complaint, which appears for the original ; but the objection was overruled. The defendant then pleaded the general issue.

After the plaintiff had introduced his evidence, the defendant offered proof, to show that the lands described in the complaint, was a part of the public domain; this was offered in evidence to controvert facts alleged by the plaintiff, and in order to justify the taking and continuing in possession of the said half section, which the plaintiff was not in the actual possession of, and which he had not subdued. The plaintiff objected to this evidence, and the justice of the peace excluded it on the ground that it would be inquiring into the merits of the title.

The jury found for the plaintiff in general terms, and the justice rendered judgment, that he recover of the defendant the possession of the said half section of land, and the costs.

Bascom, for the plaintiff in error, insisted that the paper substituted, was not shown to be a copy of that stated by the justice to be mislaid, and the law does not warrant the course pursued in this case.

If, however, the justice of the peace could authorise a substitution, the complaint is insufficient, as it does not allege any possession of the land by the plaintiff, and the said messuage will not include, nor does it mean a half section of land. Admitting that this action will be to recover a messuage, it does not follow when such is declared for, that a judgment can be rendered for the recovery of land.

The evidence rejected was admissable; it was offered to counteract facts alleged by the plaintiff; he alleges seizen, and this might be either a seizen in fact or in law; if the latter, then an actual possession of part, might be extended to cover all for which he had title, and in such a case the defendant was authorised to controvert the fact, by shewing title in the United States. People *v.* Nelson, 13 Johns. 340.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. A justice of the peace has the same power to supply the loss of any paper relating to a cause pending before him, as is possessed by other Courts. In Dozier v. Joyce, 8 Porter, 303; this power is said to be inherent in all Courts, and it results from the necessity, that Courts shall proceed unimpeded by accident or design, to the final disposition of all suits, on their merits. We will presume the justice of the peace was satisfied that the complaint filed at the trial, did not materially differ from the original; which he states to have been mislaid.

2. It is insisted, however, that this complaint is insufficient in law, because it seeks to recover a messuage, with the appurtenances, known as the south half of section twenty, &c.— We apprehend this objection savours of much subtlety, for however it may be true, that land cannot pass as appurtenant to land, it is very certain that a messuage may be known by one name as well as another, and therefore, we consider the description of the premises sought to be recovered, as amply sufficient. The judgment drops the term messuage, and determines that the plaintiff shall recover possession of the land by its other description; but in so doing, does not, as supposed by the defendant, depart from the complaint.

3. The complaint is said to be also defective, in not alleging positively and directly, that the plaintiff was in possession of the premises sought to be recovered. This objection is not sustained by the complaint, because, in addition to the allegation, that the plaintiff was seized in fee, it is also asserted, that the defendant entered with force and arms, and unlawfully put out and disseized the plaintiff from the peaceable possession of the lands described. This we consider as a positive averment,

that the defendant was in possession of the lands described, at the time of the unlawful entry.

4. The principal question, and the only one perhaps, on which much reliance has been placed, is that raised by the exclusion of the evidence offered before the jury.

It sometimes happens, that the primary Courts are much embarrassed by the production of evidence, which seems to them as introducing a question of title, when in reality, the only object and effect of the evidence is, to show the manner and extent of the possession. In this case, it is said, the evidence offered was introduced for the purpose of controverting facts alleged by the plaintiff; and in order to justify the taking and continuing in possession of some portion of the half section of which, the plaintiff was not in the actual possession at the time of the entry. The allegation of seizen in fee, was unnecessary to be proved, as is shewn by the case of Lecatt v. Stewart, 2 Stewart, 474. The only matter in issue in such cases as this, is the possession, and it is immaterial whether it is connected with title or otherwise. The evidence was then, inadmissable, for the purpose of controverting this allegation, because, if it is permitted to be disproved, a question is made which involves the title, in direct opposition to the words of the statute.

5. It was equally inadmissable to show the fact of title being outstanding in the United States, as a justification of the entry. The plaintiff must have proved *a possession*, either actual, by having the land under his immediate control and dominion; or constructive, by being in the possession of a part of the tract, under color of title for the whole. Now, if the record in this suit had declared that the plaintiff made proof of his possession by the latter mode; it is apparent that the evidence offered by the defendant, had no tendency whatever, to disprove the case as made. It does not follow, because the United States is the owner of the land, that the plaintiff may not have had the possession; nor could the jury be led to any conclusion, proper to this case, by such evidence. It was, therefore, properly rejected.

No error is shewn in the record, and the judgment of the Circuit Court is affirmed.