## NELSON vs. IVERSON.

1. The declaration of a party while in possession of a slave, "that she was his negro, and that he intended to keep her," is admissible in evidence, as part of the *res gestæ*, to prove the character of his possession.

2. The statement of a witness, that a person *was in the habit of exercising control* over a slave, is admissible. If the expression is objectionable, as being too general and indefinite, the opposite party should require an explanation of it from the witness.

3. The declarations of the mother of an infant, while she has the possession of a slave, which she holds as guardian or bailee for her infant son, cannot be received in evidence to defeat his rights. Yet if she claims the slave as his property, asserting his title in an open, notorious manner, as adverse to the claim of every one else, it would be admissible to prove, by her acts and declarations contemporaneous with her possession and tending to show its character, that she held the slave as the property of another, and not for her son.

4. When a witness speaks in her deposition of a conversation in which

the donor had expressed an intention to give a slave to the donee, and also says, that the slave was given to the donee by the donor, at a certain time, and delivered to her, (the witness,) for him, it is erroneous to charge the jury that the latter statement cannot be regarded by them as showing a gift, but as at most only showing an intention to give, and as the conclusion of the witness. The whole testimony should be left to jury, to determine whether a gift was not made, *in fact*, as consummated by the delivery.

ERROR to the Circuit Court of Macon. Tried before the Hon. E. Pickens.

THIS was an action of detinue, brought by Nelson against Iverson, to recover two slaves, which the plaintiff claimed under a parol gift from his maternal uncle, Garland Dawkins. The plaintiff proved by his mother, Mrs. Nelson, that the mother of the negroes in suit was given to him, in 1823, by said Dawkins, and delivered to his mother, for him, he being then an infant; that she kept said negro until 1830, when Dawkins obtained the possession from her, to prevent said negro from being levied on, as the property of her husband, Wm. Nelson; that Dawkins promised to return her to witness in a few days, but never did return her; Mrs. Nelson also spoke of a conversation which she had with Dawkins, a few months before plaintiff's birth, in which Dawkins promised, that if she had a son, he would give him the said negro. The defendant offered to prove, that after Dawkins obtained possession of said slave, "he said that she was his negro, and he intended to keep her." The plaintiff objected to this evidence, but the court overruled his objection, and plaintiff excepted. The defendant offered to prove by the widow of said Dawkins, that her late husband, in the latter part of the year 1823, while said negro was in the possession of Mrs. Nelson, "was in the habit of exercising control over her." Plaintiff objected to this evidence, but his objection was overruled, to which he excepted. The defendant offered to prove, by Mrs. Lawless, that she had heard Mrs. Nelson, while in possession of said negro, say, "that the girl belonged to her brother, Garland Dawkins, and that she expected he would take her away before long." Plaintiff also objected to the admissibility of this evidence, but the court overruled his objection, and admitted the evidence, to which also plaintiff excepted. The court charged the jury, that the ex-

Nelson v. Iverson.

pression in Mrs. Nelson's deposition, "that the girl was given to plaintiff by Garland Dawkins, in 1823," could not be regarded by them as showing a gift of said negro, but could at most be regarded as showing an intention to give, and as the conclusion of the witness, to which charge the plaintiff excepted.

RICE & MORGAN, for plaintiff in error:

1. The several declarations of Garland Dawkins, the donor, made long after the gift, were improperly admitted as evidence against the donee; especially the declaration that "he (the donor) intended to keep her."—Nelson v. Iverson, 17 Ala. 216.

2. Mrs. Martha Nelson had no interest in the slave, but held her merely for the purpose of protecting the right of the donee, and could do no act destructive of it. *A fortiori*, her declarations are not admissible to defeat the right of the donee.—Easley v. Dye, 14 Ala. 168, (eighth paragraph of the opinion.)

3. It was erroneous to allow the widow of the donor to testify that about the time of their marriage, the donor "was in the habit of controlling Judy." The habit of a donor cannot be thus proved, nor is it legal evidence.

4. The declaration of Mrs. Nelson, as shown in the seventh exception, was admissible at the stage of the evidence when it was offered. Its admissibility is defensible upon the ground that it was the declaration (against her interest and in disparagement of her right,) of one who, although not at the moment in the actual possession of the slave, was in the constructive possession, because she had had the possession for many years, and had delivered it to the donor as a mere bailee to keep for a few days, on his promise to return. The possession of the bailee is the possession of the bailor. And it was also admissible to countervail the force of declarations of her's improperly admitted at the instance of defendant, tending to show that the donor had not given Judy to the plaintiff.

6. The charges of the court are palpably erroneous—(Thomas v. De Graffenreid, 17 Ala. 610—same case, 13 ib. 610)—showing the error of referring to the jury the question of the admissibility of certain evidence.

BELSER & HARRIS, *contra:*

1. The two first exceptions are covered by the following cases:

Nelson v. Iverson, 17 Ala. 216; Thomas v. De Graffenreid, ib. 602 ; Oden v. Stubblefield, 4 ib. 40; Gary v. Terrell, 9 ib. 206; Parker v. Goldsmith, 16 ib. 526.

2. The evidence as to the habit of Dawkins in controlling the slave, if wrong, should have been explained at the request of the plaintiff below.—McGrew & Harris v. Walker, 17 Ala. 827.

3. The testimony intended to contradict Mrs. Nelson was properly admitted.—Nelson v. Iverson, 17 Ala. 216; 1 Greenl. Ev. 462; Moore v. Jones, 13 Ala. 296.

4. The third interrogatory and answer to it of Mrs. Lawless was also properly admitted.—Nelson v. Iverson, 17 Ala. 216 ; Thomas v. De Graffenreid, ib. 602.

5. The testimony of the counter declarations of Mrs. Martha Nelson, offered by the plaintiff, were properly excluded by the court. She was not in possession of the slave at the time, and besides, they were inadmissible to prove title in the slave.—Lee v. Hamilton, 3 Ala. 529.

6. The charge of the court is correct as an instruction to the jury. But if incorrect, the error is in favor of the plaintiff. The plaintiff, if dissatisfied with it, should have had it explained.— State v. Brazier, 5 Ala. 241; Ib. 477.

CHILTON, J.—When this case was in this court at a previous term, (17 Ala. 222,) most of the points now presented by the bill of exceptions were decided. That decision will show that the Circuit Court did not err in admitting the declaration of Garland Dawkins, made while he was in possession of the mother of the slaves sued for.

We are unable to perceive any error in admitting the testimony of Mrs. Dawkins to prove that her late husband was *in the habit* of exercising control over the slave. We understand the witness to mean by the term "habit," that her husband exercised repeated acts of control—that he usually or customarily controlled the slave. If the term, being general, required explanation so that the jury might attain to a more definite idea of the witness' meaning, the plaintiff could have called for such explanation as he deemed necessary, by cross examination. The proof made by Mrs. Edge, instituting a comparison between her child and that of Mrs. Nelson, was, we think, irrelevant, and

should have been rejected; but we cannot percieve how such proof could have injuriously affected the plaintiff.

As to the declarations of Mrs. Nelson, while she had the slave in her possession, if it were conceded that she held as the guardian or bailee for her infant son, then it is clear that no declaration of her's could be received in evidence to defeat his rights; but we gather from the record that the character of her possession, which she testifies continued for more than seven years, was an important inquiry; for, aside from the fact whether there was a gift, yet if she held the possession of the slave, claiming her as the property of her infant son, asserting his title in an open, notorious manner, as hostile to the claim of every one else, the statute of limitations would perhaps have an important bearing and render it necessary for Dawkins, or those claiming under him, to show that by her acts and declarations contemporaneous with her possession and tending to show its character, she was holding the slave as the property of Dawkins, and not for her son.

We are, however, of opinion that the court misconceived the law in the instruction to the jury, as to the force and effect of Mrs. Nelson's testimony in respect to the gift. She not only speaks of a conversation had in June, 1823, as tending to show an intention to give, but of an actual delivery of the slave, which, if made in pursuance of such intention, would have consummated the gift. The court could not then properly assume, that when the witness said the slave was given in 1823, that this was a conclusion deduced from the conversation merely, but should have left the whole testimony to the jury, that they might weigh it and determine for themselves whether the gift was not made in fact, as consummated by the delivery.

Let the judgment be reversed and the cause remanded.