# Turnley *v.* Hanna.

*Action for Forcible Entry and Detainer.*

82   139
96   531

82   139
108   330

82   139
125   198

82   139
142   257
142   258
142   616

1. *Deposition taken in another suit.*—A deposition taken in another suit, the parties not being the same, is not admissible as evidence against one who, not being a party to that suit, had no opportunity to cross-examine the witness.

2. *Conveyance as evidence.*—Although the question of title can not be litigated in an action of forcible entry and detainer (Code, §§ 3696, 3704) ; yet a conveyance to one of the defendants may be relevant and competent evidence to show the extent of the possession claimed by him.

3. *Declarations of party in possession.*—The declarations of a person in possession of land, showing that he held in his own right, and not as the tenant or agent of another, are admissible as evidence on the principle of *res gestæ.*

4. *Opinion and conclusion; to what witness may testify.*—A witness may testify that he controlled the lands in controversy for his brother, while the latter was absent during the late war ; this being in the nature of a collective fact, and the witness being subject to cross-examination as to the particular facts showing his control.

5. *Same.*—A witness can not be allowed to testify that one of the defendants, on a particular occasion, "seemed disposed to resist if any effort was made to put him out of possession."

APPEAL from the Circuit Court of DeKalb.
Tried before the Hon. LEROY F. BOX.
This action was brought by Matthew J. Turnley, against

A. B. Hanna, Wm. H. Holton, S. W. Brown, and Joseph Brown; but the two defendants last named were not served with process, and did not appear. The action was commenced in a justice's court, on the 10th March, 1882; and sought to recover the possession of a tract of land described as the south-west quarter of section ten (10), of fractional township four (4), range ten (10) east, known also as the "Sulphur Springs place." On appeal to the Circuit Court, the defendants pleaded "the general issue, in short by consent," and a special plea averring, in substance, that said A. B. Hanna had been in the uninterrupted occupation of the premises for three years next preceding the commencement of the action, and that his estate was still undetermined; and the cause was tried on issue joined on these pleas. On the trial, as appears from the bill of exceptions, "the plaintiff introduced evidence tending to show that he went into the actual possession of the lands in the year 1862, and continued in possession until December, 1869, when the defendants turned him out of the possession by force, forcibly taking possession at the same time; that he peaceably regained the possession in July, or August, 1871, going into the actual possession by his agent, Alfred Collins, and remaining in such actual possession some six weeks, or two months, when he was again forced out of the possession by the defendants; that said A. B. Hanna, while plaintiff was thus in possession the second time, had brought an action of unlawful detainer against him, through one H. Jordan as the tenant of said Hanna, but dismissed that suit, and afterwards took possession by force, as above stated. Plaintiff offered in evidence a bill for injunction filed by said Hanna, in the Chancery Court of DeKalb, against said M. J. Turnley, Alfred Collins, and S. W. Brown, together with the writ of injunction in said cause, the chancellor's decree perpetuating the injunction, and a copy of the decree and judgment of the Supreme Court, which reversed the chancellor's decree, and dismissed the bill."—*Turnley v. Hanna*, 67 Ala. 101. These papers were admitted without objection, except the copy of the judgment of this court, which was excluded on motion of the defendants; and the plaintiff excepted to its exclusion. The plaintiff then offered in evidence the deposition of Mrs. Henrietta Ellis, taken in said chancery suit, accompanied with proof of her non-residence; and he duly excepted to its exclusion, on objection by "the defendants."

The plaintiff took the deposition of H. Jordan, who testified to the circumstances under which Hanna obtained the possession in October, 1871, in substance as follows: While

[Turnley v. Hanna.]

Jordan was in possession, as the tenant or agent of Hanna, in September, 1871, he left the door open (or unfastened) one day, and found Collins in the house when he returned; and Collins refused to leave, claiming that the property belonged to him and Turnley, but gave Jordan permission to remove all his articles of property out of the house. In October, 1871, Jordan went to the house, and asked to have the door opened, in order that he might take away a barrel of lime; and when the door was opened, Hanna, who was with him, also entered, and then refused to leave, "saying that he had got possession of his property, and intended to hold it; and he remained in possession, until he tore it down, and moved it away." The answer of this witness to the first rebutting interogatory was in these words: "He retained possession, by refusing to go out, and saying that he intended to hold possession; and when Collins and Jacoway found they could not get him out without using violence, they went off and left him in possession. I had told Hanna, that if he had sense enough to get in when the house was open, he could do so; and he said he would. His intention was not communicated to Collins and Jacoway. They did not willingly leave him in possession, He had a heavy cane in his hand, *and seemed disposed to resist if any effort was made to put him out.*" On objection by the defendants, the court excluded the italicized part of this answer, and plaintiff excepted.

A. B. Hanna testified, on behalf of the defendants, "that he went into the actual possession of said lands in 1868, and had continued in the actual possession thereof, uninterruptedly, from that time until the bringing of this suit; that he got possession of Mrs. Patton's dower part of the land in 1869, and full possession of the entire tract from Stephen W. Brown in 1870; that no other person, during said period, was in possession of the lands, and that neither of said defendants ever took possession of said land by force." The defendants offered in evidence a conveyance to said A. B. Hanna from Mrs. Sarah Patton, for a part of the land which she claimed as her dower; which conveyance was dated October 2d, 1869, and was admitted as evidence by the court, against the objection of the plaintiff, "to show the extent of said Hanna's possession;" and plaintiff excepted to its admission. The defendants offered in evidence, also, a deed from Stephen W. Brown to said Hanna, which was dated April 6, 1870, and was admitted as evidence by the court, against the objection of the plaintiff, "for the purpose of showing the extent of said Hanna's possession;" and to its admission, also, the plaintiff excepted.

[Turnley v. Hanna.]

The defendant Holton, being examined as a witness for the defendants, " testified that he was put in possession of the land, some time in November, 1869, by Stephen W. Brown; and that he built a cabin on the land, some time in the summer of 1869, for plaintiff. " The defendants asked said witness this question : " If Stephen W. Brown did not tell him, while he was working on the lands for plaintiff, that the land was his (Brown's), and forbid him working on it ?" The plaintiff objected to this question, " on the ground that it touched the ownership of the land ;" and he excepted to the overruling of his objection. The defendants also introduced M. S. Brown as a witness, who was a brother of said S. W. Brown, and who testified that S. W. Brown " left him in charge of his business when he went to the war.". The defendants then asked said witness this question : "Did you, or not, control the lands in controversy for S. W. Brown, while he was in the war ?" The plaintiff objected to this question, " because it was illegal and irrelevant, and because it called for, not a fact, but a conclusion;" and he. duly excepted to the overruling of his objections, as also to the affirmative answer of the witness.

The several rulings of the court to which exceptions were reserved, as above stated, with other matters, are now assigned as error.

WM. H. DENSON, R. A. DUNLAP, AIKEN, DORTCH & MARTIN, J. L. CUNNINGHAM, and J. H. DISQUE, for the appellant.—(1.) The deposition of Henrietta Ellis was competent evidence, on proof of her non-residence ; the subject-matter being the same, and the parties substantially the same.—*Long v. Davis*, 18 Ala. 801 ; 1 Greenl. Ev. §§ 163–4, 553 ; 13 How. 335. (2.) The deeds to Hanna, from Mrs. Patton and Brown, ought not to have been admitted as evidence, because title is not issue in this action. Nor were they admissible to show the extent of Hanna's possession, because the issue is limited to the fact of actual possession, and no question of constructive possession is involved.—*Houston v. Farris & McCurdy*, 71 Ala. 571 ; *Bohannon v. The State*, 73 Ala. 49 ; Sedgw. & W. Trial of Title to Land, § 94. (3.) The answer of the witness Jordan to the first rebutting interrogatory, or that part excluded by the court, was competent evidence. *Raisler v. Springer*, 38 Ala. 705 ; *Carroll v. State*, 23 Ala. 28 ; *State v. Houston*, 78 Ala. 576. (4.) The declaration of S. W. Brown, asserting ownership of the land, was not competent evidence, because the question of title was not involved. Nor was it admissible as a declaration by a person in pos-

[Turnley v. Hanna.]

session, because the fact of his possession at the time was controverted.

L. A. DOBBS, and with him S. F. RICE, *contra*, contended that, if error was shown by the record in any of the rulings on evidence (which was denied), it was error without injury, because the defendants' plea. of uninterrupted possession for three years (Code, § 3705) was clearly established.

SOMERVILLE, J.—1. The deposition of Henrietta Ellis was properly excluded from being admitted in evidence on the trial of this cause. It was not taken to be used in this suit, which. is one of forcible entry and detainer, brought by the appellant, Turnley, against the appellees, Hanna and Holton; but to be used in another and different suit in the Chancery Court, in which Hanna was the complainant, and Turnley and one Collins the defendants, relating, it is true, to the same subject-matter. Holton was not a party to the chancery cause in which the testimony was taken. He had, therefore, no opportunity to cross-examine the witness, and should not for this reason be precluded by it, admitting that in other respects it was free from objection. The admissibility of evidence of this kind turns upon the right to cross-examine, rather than upon the precise nominal identity of all the parties; but no one objecting should be bound by it in a second suit, who was not a party to the first suit in which the evidence was taken.—1 Greenl. Ev. (14th ed.), §§ 164, 553.

2. The deeds from Brown and Patton to Hanna were properly admitted in evidence, to show the extent of Hanna's possession claimed to the premises in controversy. The court expressly limited the operation of the deeds to this purpose, and thereby excluded them, by implication, from being considered to raise a controversy of title.—*Bohannon v. State*, 73 Ala. 47; *Brady v. Huff*, 75 Ala. 80.

3. The declaration of Stephen Brown, as testified to by the defendant Holton, was made while he was in possession of the premises in controversy, and tended to show that he was holding them in his own right, and not as the tenant or agent of another. They were, therefore, properly explanatory of his possession; and such possession being pertinent to the issues of this case, the declarations were relevant and competent evidence.—*Humes v. O'Bryan*, 74 Ala. 71; 1 Greenl. Ev. § 109. The plaintiff should have requested instructions from the court, limiting the effect of this evidence, if he apprehended any injury from its bearing on the merits of the title.

[Hart v. Kendall.]

4. It was competent for the witness Brown to testify, that he controlled the lands in controversy for his brother, Stephen W. Brown, while the latter was absent in the war. This was a conclusion of fact, or, as often called, a collective fact, involving the fact of management by authority. *Nelson v. Iverson,* 19 Ala. 95 ; *Elliott v. Stocks,* 67 Ala. 290. The facts, upon which the conclusion was founded, could have been elicited by cross-examination by the opposite party.

5. The court did not err in excluding the part of the witness Jordan's testimony, in answer to the first rebutting interrogatory, which was objected to by the defendants. While it was competent for the witness to state that the defendant Hanna had a heavy cane in his hand, or any other relevant fact, he could not testify that he (Hanna) "*seemed disposed* to resist if any effort was made to put him out." This was clearly matter of opinion, and not a conclusion of fact such as could be stated collectively, without successful objection.

The other assignments of error are not well taken, and the judgment must be affirmed.