# Bailey *v.* Blacksher Co.

### *Forcible Entry and Detainer.*

1. *Color of title; when deed admissible as.*—In an action of forcible entry and detainer, the plaintiff after offering evidence, that it was, prior to the entry of the defendant on the lands in controversy, in the *actual* possession of another portion of the lands described in a deed which also conveyed the lands in dispute, may introduce the deed in evidence as color of title.

2. *Same; possession under, to what extends.*—Mere color of title does not draw possession to one who is not in, or does not take, actual possession of some part of the land conveyed;

[Bailey v. Blacksher Co.]

but *possessio pedis* of any part of the land conveyed, in law, is held to be actual possession of the entire tract.

3. *Same; possession under, requisites of.*—Possession which will entitle a plaintiff in an action of forcible entry and detainer, to recover must be such title that if continued for the necessary period would vest him with the legal title as against the true owner, if there were an outstanding title; and actual possession of part of the premises embraced in a deed, if accompanied by disclaimer of title and possession and ownership as to a part not actually occupied, ·does not extend possession under the deed to the portion as to which there is a disclaimer.

4. *Evidence; what admissible in forcible entry and detainer.*—Where in a suit of forcible entry and detainer, the question is one of actual possession and the plaintiff a corporation is relying upon adverse possession, any declaration, by an authorized agent, made for it and in its behalf tending to show that it did not claim the land, is admissible in evidence against it.

5. *General charge;when improper.*—Where the plaintiff in a forcible entry and detainer suit, in order to establish possession of the part of land in dispute, shows actual possession of another part of said land conveyed by a deed, and there is evidence tending to show that while holding actual possession under the deed of part of the land conveyed, there was a disclaimer of ownership and title as to the part in dispute, the general charge in favor of plaintiff should not be given, but it should be left to the jury to decide whether plaintiff had possession of the disputed lands.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WM. S. ANDERSON.

This was an action of forcible entry and detainer, brought by the Blacksher Company, a corporation, against the appellant.

During the trial of the case, the defendant offered in evidence a deed from Leatherbury & Patterson, conveying the lands involved in the suit to Caroline Bailey, whch deed was dated March 5th, 1901, and also a deed from Blacksher Company to D. D. Hall, giving a quit claim to the lands involved in this suit, together with other lands. To the introduction of each of these deeds in evidence, the plaintiff separately objected. The court sustained each of these separate objections, and to each of these rulings the defendant separately excepted. The

other facts of the case are sufficiently stated in the opinion. From a judgment in favor of the plaintiff the defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

ERVIN & McALEER, LESLIE HALL, C. J. TORREY and F. S. STONE, for appellant.—We are aware that a deed is admissible for the purpose of showing the boundaries of the land, but this deed was offered "as color of title," and for that purpose it was inadmissible. In order for possession of a part to constitute possession of the whole, there must be not only "absence of a hostile possession" in some other party, but one of two other things must be shown; first that the grantor in the deed had possession of the piece in dispute, so that his deed would pass such possession, or second, such grantor must have had the title so that the deed would pass his constructive possession.—*Turnley v. Hannah,* 82 Ala. 143; *Barefoot v Wall,* 108 Ala. 328; *Farley v. Bay Shell Road Co.,* 125 Ala. 197.

With the evidence showing the admissions of the officers of the Blacksher Company in, the court should not have given the affirmative charge.—*Knowles v. Ogletree,* 96 Ala. 557.

STEVENS & LYONS, *contra.*—Occupancy of any portion of the land under color of title is *actual* possession of the entire body described in the instrument which constitutes the color of title.—*Stovall v. Fowler,* 72 Ala. 78; *Black v. T. C. & I. Co.,* 93 Ala. 111.

The alleged disclaimer of ownership by the officers of the company could not affect the possession of the company and that was what was in issue in this case.

TYSON, J.—The complaint, after amendment, contains four counts. The first three count upon a forcible entry and detainer, and the last upon an unlawful detainer.

The plaintiff, if entitled to recover, must do so upon the counts declaring on a forcible entry and detainer,

since the testimony fails to show that defendant's entry was by its consent.

On the trial the plaintiff, a corporation, admitted to be the legal successor of the Dixie Mill Company, after offering evidence that it was, prior to the entry of defendant on the lands in controversy, in the actual possession of another portion of lands described in a deed executed by one Ferguson to its Dixie Mill Company, which also purported to convey the land, was permitted to introduce in evidence, against the objection of defendant, that deed as color of title. In this ruling there was no error.

As said in *Cunningham v. Green,* 3 Ala. 130, "The· plaintiff must have proved *a possession,* either actual, by having the land under his immediate control and dominion; or constructive, by being in possession of a part of the tract, under color of title for the whole."—*Turnley v. Hanna,* 82 Ala. 139; *Bohannon v. State,* 73 Ala. 47; *Stovall v. Fowler,* 72 Ala. 77; *Black v. Tenn. Coal, Iron & R. R. Co.,* 93 Ala. 109, 111.

In the case last cited it is said: "Mere color of title does not draw possession to one who is not in or does not take actual possession of some part of the land conveyed; but *'possessio pedis'* of any part of the tract conveyed, in law, is held to be the actual possession of the entire tract. It is not constructive possession, strictly speaking, but actual possession, that a party has under color of title of the premises conveyed. Technically speaking, in legal contemplation, there is no such thing as constructive possession under color of title."

In *Stovall v. Fowler, supra,* it was expressly declared that, when there is an entry on land under color of title by deed, in legal contemplation, there is "actual possession to the extent of the boundaries contained in the writing, and this, though the title conveyed is good for nothing." Of course, the deed in this character of action cannot be looked to for the purpose of determining whether the plaintiff acquired a title to the land in controversy. To permit this to be done would violate Section 2135 of the Code, which prohibits the estate or merits of the title to be enquired into. But as we have

17c

said, it was clearly competent evidence, as color of title, to show the extent of plaintiff's possession claimed to the premises in controversy.—*Turnley v. Hanna, supra.* And we think the record sufficiently discloses the limitation upon its operation to this purpose. However, to entitle the plaintiff to recover, the testimony must establish such an actual possession to the land in controversy, as that if continued for the necessary period, the possession would vest in him a legal title to it against the true owner, if there was such outstanding title to it. *O'Donohue v. Holmes,* 107 Ala. 489. This, of course, involves the issue of fact as to whether or not, plaintiff claimed the land in controversy, notwithstanding it was embraced in the deed. Although it may be named in the deed, yet if plaintiff did not claim to be the owner of it, clearly its actual possession of another portion of the tract described in the deed, under the principle announced, cannot be extended to this land.

In order to establish its claim of ownership to this land, the plaintiff, independent of the deed, offered testimony tending to prove this fact. However, in order to contradict this, the defendant introduced in evidence certain conversations had with the president of the plaintiff corporation and its superintendent with reference to a sale of this piece of land, which if believed by the jury, would have authorized them to construe what was said by each of these officers as disclaiming on the part of the plaintiff any interest in or claim to it. Of course, if the title had been in controversy and the plaintiff was not relying upon adverse possession to sustain its right of recovery, no declaration made by its officers to the effect that it did not own or claim to own the land would or could deprive it of a title acquired by a conveyance. But the question here under consideration is one of actual possession and relying, as the plaintiff must do, upon an adverse possession any declaration, by an authorized agent, made for and in its behalf, tending to show that it did not claim the land, is evidence against it, upon the issue under discussion which the defendant was entitled to have the jury pass upon.

We are, therefore, of the opinion that the case should have been submitted to the jury, and that the affirmative charge given at plaintiff's request was error.

The deeds offered in evidence by defendant were properly excluded.—*Cunningham v. Green, supra.*

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.